Jeffrey Witham (116392)
Jeffrey.Witham@dinsmore.com
Quinn Gardner (345496)
Quinn.Gardner@dinsmore.com
DINSMORE & SHOHL LLP
550 S. Hope Street, Suite 1765
Los Angeles, CA 90071
Tele: (213) 335-7737
Fax: (213) 335-7740

Attorney for Defendant WPL HOLDINGS, LLC

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

KRISTINA BROWN and ASHLEY MROZ,

Plaintiffs.

v.

ARAKELIAN ENTERPRISES, INC. d/b/a ATHENS SERVICES, ATHENS DISPOSAL COMPANY, INC., UNIVERSAL WASTE SYSTEMS, INC., CALIFORNIA WASTE SERVICES, LLC, ORGANIC ENERGY SOLUTIONS, LLC, AMERICA'S RECYCLING, COMPANY, INC., AMERICA'S RECYCLING COMPANY 2, INC., AMERICA'S RECYCLING COMPANY 3, INC., AMERICA'S RECYCLING COMPANY 4, INC., SEAN E. IRWIN, CAL-SPREADING, LLC, THE SHIN FAMILY TRUST, JUNG M. SHIN, KEVIN RIOS, NEW WEST TRACTOR, LLC, WPL HOLDINGS, LLC, and Does 1-10, Inclusive.

Defendants.

Case No.: 2:25-cv-2855- MWC-PD

**WPL HOLDING, LLC'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFFS' COMPLAINT**

Complaint Filed: April 3, 2025
Response Date: May 29, 2025
Trial Date: Not Set

Judge: Hon Michelle Williams Court
Mag. Judge: Hon. Patricia Donahue

Defendant Discount Lots, LLC aka herein as WPL Holdings, LLC ("WPL"), by counsel, states as follows for its Answer to Plaintiffs Kristina Brown and Ashley Mroz ("Plaintiffs") Complaint. The following numbered paragraphs 1 – 160 correspond to the numbered paragraphs in Plaintiff's Complaint.

## NATURE OF THE CASE

1. WPL states that the Resource Conservation and Recovery Act ("RCRA") speaks for itself. To the extent a response is required, WPL denies any allegations in Paragraph 1 of Plaintiffs' Complaint inconsistent with the RCRA. WPL is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 1 of Plaintiffs' Complaint, and therefore, denies the same.

2. WPL is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 2 of Plaintiffs' Complaint, and therefore, denies the same.

3. WPL is without sufficient knowledge or information to form a belief as to the allegations in Paragraph 3 of Plaintiffs' Complaint, and therefore, denies the same.

4. The allegations in Paragraph 4 of Plaintiffs' Complaint state a legal conclusion, and therefore, no response is required. To the extent a response is required, WPL states that the RCRA, 42 U.S.C. § 6972(a)(1)(B), speaks for itself. WPL denies any allegations in Paragraph 4 of the Complaint inconsistent with the RCRA, 42. U.S.C. § 6972(a)(1)(B). WPL is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 4 of Plaintiffs' Complaint, and therefore, denies the same.

5. WPL is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 5 of Plaintiffs' Complaint, and therefore, denies the same.

6. The allegations in Paragraph 6 of Plaintiffs' Complaint state a legal conclusion, and therefore, no response is required. To the extent a response is required, WPL states that the RCRA speaks for itself. WPL denies any allegations in Paragraph

6 of Plaintiffs' Complaint inconsistent with the RCRA. WPL is without sufficient knowledge or information to form a belief as to the remaining allegations in Paragraph 6 of Plaintiffs' Complaint, and therefore, denies the same.

7. The allegations in Paragraph 7 of Plaintiffs' Complaint state a legal conclusion, and therefore, no response is required. To the extent a response is required, WPL states that the RCRA, 42 U.S.C. §§ 6903(3), 6903(27) speak for themselves. WPL denies any allegations in Paragraph 7 of Plaintiffs' Complaint inconsistent with the RCRA, 42 U.S.C. §§ 6903(3), 6903(27). WPL is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 7 of Plaintiffs' Complaint, and therefore, denies the same.

8. The allegations in Paragraph 8 of Plaintiffs' Complaint state a legal conclusion, and therefore, no response is required. To the extent a response is required, WPL states that the RCRA, 42 U.S.C. §§ 6944(a), 6945(a), and the cited EPA Regulations, 40 C.F.R. §§ 257.1(a)(1), (2), speak for themselves. WPL denies any allegations in Paragraph 8 of Plaintiffs' Complaint inconsistent with the RCRA, 42 U.S.C. §§ 6944(a), 6945(a), and the cited EPA Regulations, 40 C.F.R. §§ 257.1(a)(1), (2). WPL is without sufficient knowledge or information to form a belief as to the remaining allegations in Paragraph 8 of Plaintiffs' Complaint, and therefore, denies the same.

9. The allegations in Paragraph 9 of Plaintiffs' Complaint state a legal conclusion, and therefore, no response is required. To the extent a response is required, WPL states that the RCRA, 42 U.S.C. §§ 6903(13), 6945(a), and 6972 speak for themselves. WPL denies any allegations in Paragraph 9 of Plaintiffs' Complaint inconsistent with the RCA, 42 U.S.C. §§ 6903(13), 6945(a), and 6972. WPL is without sufficient knowledge or information to form a belief as to the remaining allegations in Paragraph 9 of Plaintiffs' Complaint, and therefore, denies the same.

10. The allegations in Paragraph 10 of Plaintiffs' Complaint state a legal conclusion, and therefore, no response is required. To the extent a response is required,

WPL states that the RCRA, 42 U.S.C. § 6945(a), and the cited EPA Regulations, 40 C.F.R. §§ 257, 258, speak for themselves. WPL denies any allegations contained in Paragraph 10 of Plaintiffs' Complaint inconsistent with the RCRA, 42 U.S.C. § 6945(a), and the cited EPA Regulations, 40 C.F.R. §§ 257, 258. WPL is without sufficient knowledge or information to form a belief as to the remaining allegations in Paragraph 10 of Plaintiffs' Complaint, and therefore, denies the same.

11. The allegations in Paragraph 11 of Plaintiffs' Complaint state a legal conclusion, and therefore, no response is required. To the extent a response is required, WPL states that 14 C.C.R. § 18100 *et seq.*, 27 C.C.R. § 20005 *et seq.*, and 14 C.C.R. § 17400 speak for themselves. WPL denies any allegations in Paragraph 11 of Plaintiffs' Complaint inconsistent with 14 C.C.R. § 18100 *et seq.* and 27 C.C.R. § 20005 *et seq.*, and 14 C.C.R. § 17400. WPL is without sufficient knowledge or information to form a belief as to the remaining allegations in Paragraph 11 of Plaintiffs' Complaint, and therefore, denies the same.

12. The allegations in Paragraph 12 of Plaintiffs' Complaint state a legal conclusion, and therefore, no response is required. To the extent a response is required, WPL states that 14 C.C.R. §§ 17852(a)(6), 17868.3 speak for themselves. WPL denies any allegations in Paragraph 12 of Plaintiffs' Complaint inconsistent with 14 C.C.R. §§ 17852(a)(6), 17868.3. WPL is without sufficient knowledge or information to form a belief as to the remaining allegations in Paragraph 12 of Plaintiffs' Complaint, and therefore, denies the same.

13. The allegations in Paragraph 13 of Plaintiffs' Complaint state a legal conclusion, and therefore, no response is required. To the extent a response is required, WPL states that 14 C.C.R. §§ 17852(a)(24.5), 17868.5(a) speak for themselves. WPL denies any allegations in Paragraph 13 of Plaintiffs' Complaint inconsistent with 14 C.C.R. §§ 17852(a)(24.5), 17868.5(a). WPL is without sufficient knowledge or information to form a belief as to the remaining allegations in Paragraph 13 of Plaintiffs' Complaint, and therefore, denies the same.

14. The allegations in Paragraph 14 of Plaintiffs' Complaint state a legal conclusion, and therefore, no response is required. To the extent a response is required, WPL is without sufficient knowledge or information to form a belief as to the allegations in Paragraph 14 of Plaintiffs' Complaint, and therefore, denies the same.

## JURISDICTION AND VENUE

15. The allegations in Paragraph 15 of Plaintiffs' Complaint state a legal conclusion, and therefore, no response is required. To the extent a response is required, WPL states that the RCRA, 42 U.S.C. § 6972(a)(1)(A) and 28 U.S.C. § 1331 speak for themselves. WPL denies any allegations in Paragraph 15 of Plaintiffs' Complaint inconsistent with the RCRA, 42 U.S.C. § 6972(a)(1)(A) and 28 U.S.C. § 1331. WPL is without sufficient knowledge or information to form a belief as to the remaining allegations in Paragraph 15 of Plaintiffs' Complaint, and therefore, denies the same.

16. The allegations in Paragraph 16 of Plaintiffs' Complaint state a legal conclusion, and therefore, no response is required. To the extent a response is required, WPL states that 28 U.S.C. § 2201-02, 33 U.S.C. §§ 1319(b), 1319(d), 1365(a), 42 U.S.C. § 6972(a)(2) speak for themselves. WPL denies any allegations in Paragraph 16 of Plaintiffs' Complaint inconsistent with 28 U.S.C. § 2201-02, 33 U.S.C. §§ 1319(b), 1319(d), 1365(a), 42 U.S.C. § 6972(a)(2). WPL is without sufficient knowledge or information to form a belief as to the remaining allegations in Paragraph 16 of Plaintiffs' Complaint, and therefore, denies the same.

17. The allegations in Paragraph 17 of Plaintiffs' Complaint state a legal conclusion, and therefore, no response is required. To the extent a response is required, WPL states that 33 U.S.C. § 1365(c)(1) speaks for itself. WPL denies any allegations in Paragraph 17 of Plaintiffs' Complaint inconsistent with 33 U.S.C. § 1365(c)(1). WPL is without sufficient knowledge or information to form a belief as to the remaining allegations in Paragraph 17 of Plaintiffs' Complaint, and therefore, denies the same.

/ / /

**NOTICE**

18. The allegations in Paragraph 18 of Plaintiffs' Complaint state a legal conclusion, and therefore, no response is required. To the extent a response is required, WPL is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 18 of Plaintiffs' Complaint, and therefore, denies the same.

19. The allegations in Paragraph 19 of Plaintiffs' Complaint state a legal conclusion, and therefore, no response is required. To the extent a response is required, WPL states that 42 U.S.C. § 6972(b)(2) speaks for itself. WPL denies any allegations in Paragraph 19 of Plaintiffs' Complaint inconsistent with 42 U.S.C. § 6972(b)(2). WPL is without sufficient knowledge or information to form a belief as to the remaining allegations in Paragraph 19 of Plaintiffs' Complaint, and therefore, denies the same.

20. The allegations in Paragraph 20 of Plaintiffs' Complaint state a legal conclusion, and therefore, no response is required. To the extent a response is required, WPL states that 40 C.F.R. § 254.3(a) speaks for itself. WPL denies any allegations in Paragraph 20 of Plaintiffs' Complaint inconsistent with 40 C.F.R. § 254.3(a). WPL is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 20 of Plaintiffs' Complaint, and therefore, denies the same.

21. WPL is without sufficient knowledge or information to form a belief as to the allegations in Paragraph 21 of Plaintiffs' Complaint, and therefore, denies the same.

22. WPL is without sufficient knowledge or information to form a belief as to the allegations in Paragraph 22 of Plaintiffs' Complaint, and therefore, denies the same.

23. WPL is without sufficient knowledge or information to form a belief as to the allegations in Paragraph 23 of Plaintiffs' Complaint, and therefore, denies the same.

24. WPL is without sufficient knowledge or information to form a belief as to the allegations in Paragraph 24 of Plaintiffs' Complaint, and therefore, denies the same.

25. WPL is without sufficient knowledge or information to form a belief as to

the allegations in Paragraph 25 of Plaintiffs' Complaint, and therefore, denies the same.

26. WPL is without sufficient knowledge or information to form a belief as to the allegations in Paragraph 26 of Plaintiffs' Complaint, and therefore, denies the same.

27. WPL is without sufficient knowledge or information to form a belief as to the allegations in Paragraph 27 of Plaintiffs' Complaint, and therefore, denies the same.

## PARTIES

### A. Plaintiffs

28. WPL is without sufficient knowledge or information to form a belief as to the allegations in Paragraph 28 of Plaintiffs' Complaint, and therefore, denies the same.

29. WPL is without sufficient knowledge or information to form a belief as to the allegations in Paragraph 29 of Plaintiffs' Complaint, and therefore, denies the same.

30. WPL is without sufficient knowledge or information to form a belief as to the allegations in Paragraph 30 of Plaintiffs' Complaint, and therefore, denies the same.

31. WPL is without sufficient knowledge or information to form a belief as to the allegations in Paragraph 31 of Plaintiffs' Complaint, and therefore, denies the same.

32. The allegations in Paragraph 32 of Plaintiffs' Complaint state a legal conclusion, and therefore, no response is required. To the extent a response is required, WPL is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 32 of Plaintiffs' Complaint, and therefore, denies the same.

33. WPL is without sufficient knowledge or information to form a belief as to the allegations in Paragraph 33 of Plaintiffs' Complaint, and therefore, denies the same.

34. WPL is without sufficient knowledge or information to form a belief as to the allegations in Paragraph 34 of Plaintiffs' Complaint, and therefore, denies the same.

### B. Defendants

35. WPL is without sufficient knowledge or information to form a belief as to the allegations in Paragraph 35 of Plaintiffs' Complaint, and therefore, denies the same.

36. WPL is without sufficient knowledge or information to form a belief as to the allegations in Paragraph 36 of Plaintiffs' Complaint, and therefore, denies the same.

37. WPL is without sufficient knowledge or information to form a belief as to the allegations in Paragraph 37 of Plaintiffs' Complaint, and therefore, denies the same.

38. WPL is without sufficient knowledge or information to form a belief as to the allegations in Paragraph 38 of Plaintiffs' Complaint, and therefore, denies the same.

39. WPL is without sufficient knowledge or information to form a belief as to the allegations in Paragraph 39 of Plaintiffs' Complaint, and therefore, denies the same.

40. WPL is without sufficient knowledge or information to form a belief as to the allegations in Paragraph 40 of Plaintiffs' Complaint, and therefore, denies the same.

41. WPL is without sufficient knowledge or information to form a belief as to the allegations in Paragraph 41 of Plaintiffs' Complaint, and therefore, denies the same.

42. WPL is without sufficient knowledge or information to form a belief as to the allegations in Paragraph 42 of Plaintiffs' Complaint, and therefore, denies the same.

43. WPL is without sufficient knowledge or information to form a belief as to the allegations in Paragraph 43 of Plaintiffs' Complaint, and therefore, denies the same.

44. WPL is without sufficient knowledge or information to form a belief as to the allegations in Paragraph 44 of Plaintiffs' Complaint, and therefore, denies the same.

45. WPL is without sufficient knowledge or information to form a belief as to the allegations in Paragraph 45 of Plaintiffs' Complaint, and therefore, denies the same.

46. WPL is without sufficient knowledge or information to form a belief as to the allegations in Paragraph 46 of Plaintiffs' Complaint, and therefore, denies the same.

47. WPL is without sufficient knowledge or information to form a belief as to the allegations in Paragraph 47 of Plaintiffs' Complaint, and therefore, denies the same.

48. WPL is without sufficient knowledge or information to form a belief as to the allegations in Paragraph 48 of Plaintiffs' Complaint, and therefore, denies the same.

49. WPL is without sufficient knowledge or information to form a belief as to the allegations in Paragraph 49 of Plaintiffs' Complaint, and therefore, denies the same.

50. WPL admits that WLP Holdings is a terminated assumed name of Discount Lots, LLC a foreign limited liability company, formerly organized under the

laws of the State of Illinois, and presently operating under the laws of the State of Florida. WPL admits it holds at least legal title to the The WPL Site”. WPL is without sufficient knowledge or information to form a belief as to the remaining allegations in Paragraph 50 of Plaintiffs’ Complaint, and therefore, denies the same.

51. WPL is without sufficient knowledge or information to form a belief as to the allegations in Paragraph 51 of Plaintiffs’ Complaint, and therefore, denies the same.

52. WPL is without sufficient knowledge or information to form a belief as to the allegations in Paragraph 52 of Plaintiffs’ Complaint, and therefore, denies the same.

## I. Facts

### A. Defendants Are Creating Open Dumps That Endanger Public Health and the Environment.

53. WPL is without sufficient knowledge or information to form a belief as to the allegations in Paragraph 53 of Plaintiffs’ Complaint, and therefore, denies the same.

54. WPL is without sufficient knowledge or information to form a belief as to the allegations in Paragraph 54 of Plaintiffs’ Complaint, and therefore, denies the same.

55. The allegations in Paragraph 55 of Plaintiffs’ Complaint state a legal conclusion, and therefore, no response is required. To the extent a response is required, WPL is without sufficient knowledge or information to form a belief as to the allegations in Paragraph 55 of Plaintiffs’ Complaint, and therefore, denies the same.

56. WPL is without sufficient knowledge or information to form a belief as to the allegations in Paragraph 56 of Plaintiffs’ Complaint, and therefore, denies the same.

57. WPL is without sufficient knowledge or information to form a belief as to the allegations in Paragraph 57 of Plaintiffs’ Complaint, and therefore, denies the same.

58. The allegations in Paragraph 58 of Plaintiffs’ Complaint state a legal conclusion, and therefore, no response is required. To the extent a response is required, WPL states that Title 14 speaks for itself. WPL denies any allegations in Paragraph 58 of Plaintiffs’ Complaint inconsistent with Title 14. WPL is without sufficient knowledge or information to form a belief as to the remaining allegations in Paragraph

58 of Plaintiffs' Complaint, and therefore, denies the same.

59. WPL is without sufficient knowledge or information to form a belief as to the allegations in Paragraph 59 of Plaintiffs' Complaint, and therefore, denies the same.

60. WPL is without sufficient knowledge or information to form a belief as to the allegations in Paragraph 60 of Plaintiffs' Complaint, and therefore, denies the same.

61. WPL is without sufficient knowledge or information to form a belief as to the allegations in Paragraph 61 of Plaintiffs' Complaint, and therefore, denies the same.

62. WPL is without sufficient knowledge or information to form a belief as to the allegations in Paragraph 62 of Plaintiffs' Complaint, and therefore, denies the same.

63. WPL is without sufficient knowledge or information to form a belief as to the allegations in Paragraph 63 of Plaintiffs' Complaint, and therefore, denies the same.

64. WPL is without sufficient knowledge or information to form a belief as to the allegations in Paragraph 64 of Plaintiffs' Complaint, and therefore, denies the same.

65. WPL is without sufficient knowledge or information to form a belief as to the allegations in Paragraph 65 of Plaintiffs' Complaint, and therefore, denies the same.

66. WPL is without sufficient knowledge or information to form a belief as to the allegations in Paragraph 66 of Plaintiffs' Complaint, and therefore, denies the same.

67. WPL is without sufficient knowledge or information to form a belief as to the allegations in Paragraph 67 of Plaintiffs' Complaint, and therefore, denies the same.

68. WPL is without sufficient knowledge or information to form a belief as to the allegations in Paragraph 68 of Plaintiffs' Complaint, and therefore, denies the same.

69. WPL is without sufficient knowledge or information to form a belief as to the allegations in Paragraph 69 of Plaintiffs' Complaint, and therefore, denies the same.

70. WPL is without sufficient knowledge or information to form a belief as to the allegations in Paragraph 70 of Plaintiffs' Complaint, and therefore, denies the same.

71. WPL is without sufficient knowledge or information to form a belief as to the allegations in Paragraph 71 of Plaintiffs' Complaint, and therefore, denies the same.

72. WPL is without sufficient knowledge or information to form a belief as to

the allegations in Paragraph 72 of Plaintiffs' Complaint, and therefore, denies the same.

73. WPL is without sufficient knowledge or information to form a belief as to the allegations in Paragraph 73 of Plaintiffs' Complaint, and therefore, denies the same.

74. The allegations in Paragraph 74 state a legal conclusion, and therefore, no response is required. To the extent a response is required, WPL states that Title 14 speaks for itself. WPL denies any allegations in Paragraph 74 of Plaintiffs' Complaint inconsistent with Title 14. WPL is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 74 of Plaintiffs' Complaint, and therefore, denies the same.

75. WPL is without sufficient knowledge or information to form a belief as to the allegations in Paragraph 75 of Plaintiffs' Complaint, and therefore, denies the same.

76. WPL is without sufficient knowledge or information to form a belief as to the allegations in Paragraph 76 of Plaintiffs' Complaint, and therefore, denies the same.

77. WPL is without sufficient knowledge or information to form a belief as to the allegations in Paragraph 77 of Plaintiffs' Complaint, and therefore, denies the same.

78. WPL is without sufficient knowledge or information to form a belief as to the allegations in Paragraph 78 of Plaintiffs' Complaint, and therefore, denies the same.

79. WPL is without sufficient knowledge or information to form a belief as to the allegations in Paragraph 79 of Plaintiffs' Complaint, and therefore, denies the same.

80. WPL is without sufficient knowledge or information to form a belief as to the allegations in Paragraph 80 of Plaintiffs' Complaint, and therefore, denies the same.

81. WPL is without sufficient knowledge or information to form a belief as to the allegations in Paragraph 81 of Plaintiffs' Complaint, and therefore, denies the same.

82. WPL is without sufficient knowledge or information to form a belief as to the allegations in Paragraph 82 of Plaintiffs' Complaint, and therefore, denies the same.

**B. Specific Acts by the Individual Defendants**

83. WPL is without sufficient knowledge or information to form a belief as to the allegations in Paragraph 83 of Plaintiffs' Complaint, and therefore, denies the same.

84. WPL is without sufficient knowledge or information to form a belief as to the allegations in Paragraph 84 of Plaintiffs' Complaint, and therefore, denies the same.

85. WPL is without sufficient knowledge or information to form a belief as to the allegations in Paragraph 85 of Plaintiffs' Complaint, and therefore, denies the same.

86. WPL is without sufficient knowledge or information to form a belief as to the allegations in Paragraph 86 of Plaintiffs' Complaint, and therefore, denies the same.

87. WPL is without sufficient knowledge or information to form a belief as to the allegations in Paragraph 87 of Plaintiffs' Complaint, and therefore, denies the same.

88. WPL is without sufficient knowledge or information to form a belief as to the allegations in Paragraph 88 of Plaintiffs' Complaint, and therefore, denies the same.

89. WPL is without sufficient knowledge or information to form a belief as to the allegations in Paragraph 89 of Plaintiffs' Complaint, and therefore, denies the same.

90. WPL is without sufficient knowledge or information to form a belief as to the allegations in Paragraph 90 of Plaintiffs' Complaint, and therefore, denies the same.

91. WPL is without sufficient knowledge or information to form a belief as to the allegations in Paragraph 91 of Plaintiffs' Complaint, and therefore, denies the same.

92. WPL is without sufficient knowledge or information to form a belief as to the allegations in Paragraph 92 of Plaintiffs' Complaint, and therefore, denies the same.

93. WPL is without sufficient knowledge or information to form a belief as to the allegations in Paragraph 93 of Plaintiffs' Complaint, and therefore, denies the same.

94. WPL is without sufficient knowledge or information to form a belief as to the allegations in Paragraph 94 of Plaintiffs' Complaint, and therefore, denies the same.

95. WPL is without sufficient knowledge or information to form a belief as to the allegations in Paragraph 95 of Plaintiffs' Complaint, and therefore, denies the same.

96. WPL is without sufficient knowledge or information to form a belief as to the allegations in Paragraph 96 of Plaintiffs' Complaint, and therefore, denies the same.

97. WPL is without sufficient knowledge or information to form a belief as to the allegations in Paragraph 97 of Plaintiffs' Complaint, and therefore, denies the same.

98. WPL is without sufficient knowledge or information to form a belief as to the allegations in Paragraph 98 of Plaintiffs' Complaint, and therefore, denies the same.

99. WPL is without sufficient knowledge or information to form a belief as to the allegations in Paragraph 99 of Plaintiffs' Complaint, and therefore, denies the same.

100. WPL is without sufficient knowledge or information to form a belief as to the allegations in Paragraph 100 of Plaintiffs' Complaint, and therefore, denies the same.

101. WPL is without sufficient knowledge or information to form a belief as to the allegations in Paragraph 101 of Plaintiffs' Complaint, and therefore, denies the same.

102. WPL is without sufficient knowledge or information to form a belief as to the allegations in Paragraph 102 of Plaintiffs' Complaint, and therefore, denies the same.

103. WPL is without sufficient knowledge or information to form a belief as to the allegations in Paragraph 103 of Plaintiffs' Complaint, and therefore, denies the same.

104. WPL is without sufficient knowledge or information to form a belief as to the allegations in Paragraph 104 of Plaintiffs' Complaint, and therefore, denies the same.

105. WPL is without sufficient knowledge or information to form a belief as to the allegations in Paragraph 105 of Plaintiffs' Complaint, and therefore, denies the same.

106. WPL is without sufficient knowledge or information to form a belief as to the allegations in Paragraph 106 of Plaintiffs' Complaint, and therefore, denies the same.

107. WPL is without sufficient knowledge or information to form a belief as to the allegations in Paragraph 107 of Plaintiffs' Complaint, and therefore, denies the same.

108. WPL is without sufficient knowledge or information to form a belief as to the allegations in Paragraph 108 of Plaintiffs' Complaint, and therefore, denies the same.

**C. The Sites are operating as Open Dumps because they store solid waste and C&D debris yet fail to fulfill the EPA or California sanitary landfill requirements**

109. The allegations in Paragraph 109 of Plaintiffs' Complaint state a legal conclusion, and therefore, no response is required. To the extent a response is required, WPL states that the RCRA, 42 U.S.C. § 6945(a), and EPA Regulations, 40 C.F.R. §§ 257, 258 speak for themselves. WPL denies any allegations in Paragraph 109 of Plaintiffs' Complaint inconsistent with the RCRA, 42 U.S.C. § 6945(a), and EPA Regulations, 40 C.F.R. §§ 257, 258. WPL is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 109 of Plaintiffs' Complaint, and therefore, denies the same.

110. WPL is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 110 of Plaintiffs' Complaint, and therefore, denies the same.

111. WPL is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 111 of Plaintiffs' Complaint, and therefore, denies the same.

112. WPL is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 112 of Plaintiffs' Complaint, and therefore, denies the same.

113. WPL is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 113 of Plaintiffs' Complaint, and therefore, denies the same.

114. WPL is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 114 of Plaintiffs' Complaint, and therefore,

denies the same.

115. WPL is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 115 of Plaintiffs' Complaint, and therefore, denies the same.

116. WPL is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 116 of Plaintiffs' Complaint, and therefore, denies the same.

117. WPL is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 117 of Plaintiffs' Complaint, and therefore, denies the same.

118. WPL is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 118 of Plaintiffs' Complaint, and therefore, denies the same.

119. WPL is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 119 of Plaintiffs' Complaint, and therefore, denies the same.

120. WPL is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 120 of Plaintiffs' Complaint, and therefore, denies the same.

121. WPL is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 121 of Plaintiffs' Complaint, and therefore, denies the same.

122. WPL is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 122 of Plaintiffs' Complaint, and therefore, denies the same.

123. WPL is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 123 of Plaintiffs' Complaint, and therefore, denies the same.

124. WPL is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 124 of Plaintiffs' Complaint, and therefore, denies the same.

125. WPL is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 125 of Plaintiffs' Complaint, and therefore, denies the same.

126. WPL is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 126 of Plaintiffs' Complaint, and therefore, denies the same.

127. WPL is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 127 of Plaintiffs' Complaint, and therefore, denies the same.

128. WPL is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 128 of Plaintiffs' Complaint, and therefore, denies the same.

129. WPL is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 129 of Plaintiffs' Complaint, and therefore, denies the same.

130. WPL is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 130 of Plaintiffs' Complaint, and therefore, denies the same.

131. WPL is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 131 of Plaintiffs' Complaint, and therefore, denies the same.

132. The allegations in Paragraph 132 of Plaintiffs' Complaint state a legal conclusion, and therefore, no response is required. To the extent a response is required, WPL is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 132 of Plaintiffs' Complaint, and therefore, denies the

same.

133. WPL is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 133 of Plaintiffs' Complaint, and therefore, denies the same.

134. WPL is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 134 of Plaintiffs' Complaint, and therefore, denies the same.

135. WPL is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 135 of Plaintiffs' Complaint, and therefore, denies the same.

136. WPL is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 136 of Plaintiffs' Complaint, and therefore, denies the same.

137. WPL is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 137 of Plaintiffs' Complaint, and therefore, denies the same.

138. WPL is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 138 of Plaintiffs' Complaint, and therefore, denies the same.

139. The allegations in Paragraph 139 of Plaintiffs' Complaint state a legal conclusion, and therefore, no response is required. To the extent a response is required, WPL is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 139 of Plaintiffs' Complaint, and therefore, denies the same.

140. The allegations in Paragraph 141 of Plaintiffs' Complaint state a legal conclusion, and therefore, no response is required. To the extent a response is required, WPL is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 140 of Plaintiffs' Complaint, and therefore, denies the

same.

141. WPL denies that WPL itself is storing solid waste at The WPL Site. WPL is otherwise without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 141 of Plaintiffs' Complaint, and therefore, denies the same.

142. The allegations in Paragraph 142 of Plaintiffs' Complaint state a legal conclusion, and therefore, no response is required. To the extent a response is required, WPL is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 142 of Plaintiffs' Complaint, and therefore, denies the same.

143. WPL is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 143 of Plaintiffs' Complaint, and therefore, denies the same.

144. WPL is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 144 of Plaintiffs' Complaint, and therefore, denies the same.

145. WPL is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 145 of Plaintiffs' Complaint, and therefore, denies the same.

## II. <u>Causes of Action</u>

### A. Count I: Violations of The Resource Conservation and Recovery Act, 42 U.S.C. § 6972(a)(1).

146. WLP incorporates its responses to all preceding paragraphs verbatim, word for word, paragraph by paragraph, as if fully set forth herein.

147. The allegations in Paragraph 147 of Plaintiffs' Complaint state a legal conclusion, and therefore, no response is required. To the extent a response is required, WPL is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 147 of Plaintiffs' Complaint, and therefore, denies the

same.

148. The allegations in Paragraph 148 of Plaintiffs' Complaint state a legal conclusion, and therefore, no response is required. To the extent a response is required, WPL states that 42 U.S.C. § 6972(a)(1)(A) and 40 C.F.R. §§ 257, 258 speak for themselves. WPL denies any allegations in Paragraph 148 of Plaintiffs' Complaint inconsistent with 42 U.S.C. § 6972(a)(1)(A) and 40 C.F.R. §§ 257, 258. WPL is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 148 of the Complaint, and therefore, denies the same.

149. WPL is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 149 of Plaintiffs' Complaint, and therefore, denies the same.

150. WPL is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 150 of Plaintiffs' Complaint, and therefore, denies the same.

151. WPL is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 150 of Plaintiffs' Complaint, and therefore, denies the same.

152. WPL is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 152 of Plaintiffs' Complaint, and therefore, denies the same.

153. The allegations in Paragraph 153 of Plaintiffs' Complaint state a legal conclusion, and therefore, no response is required. To the extent a response is required, WPL states that 42 U.S.C. § 6972(a)(1)(B) speaks for itself. WPL denies any allegations in Paragraph 153 of Plaintiffs' Complaint inconsistent with 42 U.S.C. § 6972(a)(1)(B). WPL is without sufficient knowledge or information to form a belief as to the remaining allegations in Paragraph 153 of Plaintiffs' Complaint, and therefore, denies the same.

154. The allegations in Paragraph 154 of Plaintiffs' Complaint state a legal

conclusion, and therefore, no response is required. To the extent a response is required, WPL is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 154 of Plaintiffs' Complaint, and therefore, denies the same.

155. The allegations in Paragraph 155 of Plaintiffs' Complaint state a legal conclusion, and therefore, no response is required. To the extent a response is required, WPL is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 155 of Plaintiffs' Complaint, and therefore, denies the same.

156. WPL is without sufficient knowledge or information to support a belief as to the truth of the allegations in Paragraph 156 of Plaintiffs' Complaint, and therefore, denies the same.

157. WPL is without sufficient knowledge or information to support a belief as to the truth of the allegations in Paragraph 157 of Plaintiffs' Complaint, and therefore, denies the same.

158. WPL is without sufficient knowledge or information to support a belief as to the truth of the allegations in Paragraph 158 of Plaintiffs' Complaint, and therefore, denies the same.

159. WPL is without sufficient knowledge or information to support a belief as to the truth of the allegations in Paragraph 159 of Plaintiffs' Complaint, and therefore, denies the same.

160. The allegations in Paragraph 160 of Plaintiffs' Complaint state a legal conclusion, and therefore, no response is required. To the extent a response is required, WPL states that 42 U.S.C. § 6972(a) speaks for itself. WPL denies any allegations in Paragraph 160 inconsistent with 42 U.S.C. § 6972(a). WPL is without sufficient knowledge or information to form a belief as to the remaining allegations in Paragraph 160 of Plaintiffs' Complaint, and therefore, denies the same.

/ / /

**All allegations not specifically admitted are denied.**

Wherefore, Defendant WPL respectfully requests this Honorable Court enter a judgment in its favor and against Plaintiffs on all of the claims alleged by Plaintiffs Kristina Brown and Ashley Mroz in the Complaint, dismissing the Complaint with prejudice and awarding WPL its attorneys' fees, costs, and interest to the fullest extent allowed by the law.

## SPECIAL AND/OR AFFIRMATIVE DEFENSES

### FIRST DEFENSE

Plaintiffs' Complaint fails to state a claim, in whole or in part, upon which relief can be granted.

### SECOND DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the defenses of acquiescence, waiver, or estoppel.

### THIRD DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the applicable statute of limitations.

### FOURTH DEFENSE

Plaintiffs have suffered no injuries and/or damages due to any action, alleged inaction, or failure of WPL .

### FIFTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, for failure to name a necessary, proper, or indispensable party.

### SIXTH DEFENSE

Plaintiffs' injuries and/or damages and/or expenses, if any, were the direct and proximate cause of their own misconduct, acts, omissions, and/or fault.

### SEVENTH DEFENSE

The negligent or intentional acts or omissions of others for whom WPL is not responsible were the sole cause, or in the alternative, a substantial factor in causing

Plaintiffs' claimed injuries and damages. Accordingly, WPL is not liable to Plaintiff, or alternatively, any award made in favor to Plaintiff must be reduced by an amount equal to the percentage of the fault of others in causing or contributing to the damages as alleged in Plaintiffs' Complaint.

**EIGHTH DEFENSE**

The negligent or intentional acts or omissions of others for whom WPL is not responsible were the sole, or in the alternative, a substantial factor in causing Plaintiffs' alleged injuries and damages. Accordingly, WPL is not liable to Plaintiffs, or alternatively, any award made in favor of Plaintiff must be divided between each person or entity at fault so that each pays only his, her, or its fair share in relationship to his, her, or its amount of fault.

**NINTH DEFENSE**

Plaintiffs' injuries, if any, may have been caused by the comparatively negligent acts and/or omissions of other persons or parties, including the Plaintiff, over whom WPL has no control and/or from whom it was not otherwise legally responsible such that WPL is or may be entitled to contribution, indemnity, and/or an instruction permitting the jury to apportion fault to those other persons or parties.

**TENTH DEFENSE**

Plaintiffs failed to mitigate, reduce, or otherwise avoid alleged costs and damages. As a result, any recovery under the claims should be barred or reduced accordingly.

**ELEVENTH DEFENSE**

Plaintiffs' claims are frivolous, unreasonable, and groundless, and accordingly, WPL is entitled to recover all costs and attorneys' fees incurred herein.

**TWELFTH DEFENSE**

WPL is not subject to liability under the Resource Conservation and Recovery Act as it did not dispose of any hazardous substances defined by the Resource Conservation and Recovery Act and is not responsible for any actual or threatened

release of any hazardous materials as defined by the Resource Conservation and Recovery Act.

**THIRTEENTH DEFENSE**

WPL is not subject to liability under the Resource Conservation and Recovery Act because it did not directly or indirectly dispose or release any hazardous substances as defined under the Resource Conservation and Recovery Act and state law and/or any related statutes, regulations or administrative action at the subject site or facility.

**FOURTEENTH DEFENSE**

Plaintiffs' claims against WPL under the Resource Conservation and Recovery Act are barred in that WPL is not now, nor has it been, in violation of any permit, standard, regulation, condition, requirement, prohibition or other subject to enforcement under the Resource Conservation and Recovery Act or California law.

**FIFTEENTH DEFENSE**

Plaintiffs' claims under the Resource Conservation and Recovery Act are barred to the extent that Plaintiffs seek relief for conduct that occurred in the past and is not continuing.

**SIXTEENTH DEFENSE**

WPL is not subject to liability under the Resource Conservation and Recovery Act pursuant to 42 U.S.C. § 9607(b) because the alleged release or threat of release of hazardous substances and the alleged damage resulting therefrom was caused solely by either: (1) an act of God; (2) and act of war; (3) an act or omission of a third party other than an employee or agent of the defendant; and/or (4) one whose act or omission occurred in connection with a contractual relationship, existing directly or indirectly, with WPL where WPL exercised due care with respect to the hazardous substance concerned and took precautions under said contract to prevent foreseeable acts or omission of any such third party and the consequences that could foreseeably result form such act or omissions as the applicable contract expressly barred any use which would foreseeably violate the Resource Conservation and Recovery Act in any

applicable contract.

**SEVENTEENTH DEFENSE**

Plaintiffs' claims are barred, in whole or in part, because they failed to establish that WPL has "contributed or who is contributing to the past or present handling, storage, treatment, transportation, or disposal of any solid or hazardous waste" as required by 42 U.S.C. § 6972(a)(1)(B).

**EIGHTEENTH DEFENSE**

Plaintiffs' claims are barred, in whole or in part, because they failed to establish an "imminent and substantial endangerment to health or the environment" as required by 42 U.S.C. § 6972(a)(1)(B).

**NINETEENTH DEFENSE**

Plaintiffs' claims are barred, in whole in in part, because WPL is not liable for the alleged damages of Plaintiffs because if any person engaged in intentional, willful, or unlawful conduct as alleged in the Complaint, he or she did so without the knowledge, authorization, or ratification of WPL.

**TWENTIETH DEFENSE**

Plaintiffs' claims are barred, in whole or in part, because they fail to establish the presence of an Imminent and Substantial Endangerment under the Resource Conservation and Recovery Act which prevents Plaintiff from obtaining injunctive relief.

**TWENTY-FIRST DEFENSE**

Plaintiffs' claims are barred, in whole or in part, because they failed to provide adequate or complete written notice of the alleged violations of the Resource Conservation and Recovery Act to WPL as required by 42 U.S.C. § 6972.

**TWENTY-SECOND DEFENSE**

Plaintiffs' claims are barred, in whole or in part, because Plaintiffs have not complied with the requirements pertaining to the commencement of citizens' civil actions under the Resource Conservation and Recovery Act.

**TWENTY-THIRD DEFENSE**

Plaintiffs' claims are bared to the extent Plaintiffs have not complied with the requirements of the Resource Conservation and Recovery Act.

**TWENTY-FOURTH DEFENSE**

Plaintiffs' claims are barred in whole, or in part, by the doctrine of abstention and primary jurisdiction.

**TWENTY-FIFTH DEFENSE**

The relief Plaintiffs seek, in whole in part, under the Resource Conservation and Recovery Act violations WPL's constitutional due process rights.

**TWENTY-SIXTH DEFENSE**

Plaintiffs' claims under the Resource Conservation and Recovery Act must fail because WPL is not in violation of any permit, standard, regulation, condition, requirement, prohibition, or order promulgated, adopted, or issued pursuant to the Resource Conservation and Recovery Act.

**TWENTY-SEVENTH DEFENSE**

Plaintiffs' claims are barred to the extent they are preempted by applicable statutes, regulations, permits, or authorizations.

**TWENTY-EIGHTH DEFENSE**

Any costs alleged to be incurred in the future may not be recovered as they are remote, speculative, and contingent.

**TWENTY-NINTH DEFENSE**

Plaintiffs are not entitled to punitive damages, and an award of punitive damages would violate the equal protection and due process clauses of the United States and California Constitutions.

**THIRTIETH DEFENSE**

Plaintiffs are not entitled to attorneys' fees, experts fees or other costs or expenses of this litigation with respect to any claims against WPL in part because they are excessive, duplicative, unreasonable and/or unnecessary.

**THIRTY-FIRST DEFENSE**

To the extent Plaintiffs are seeking monetary damages in this lawsuit, it is not entitled to recover any monetary damages under 42 U.S.C. § 6972 and its related provisions.

**THIRTY-SECOND DEFENSE**

WPL reserves the right to amend its Answer and to add any additional affirmative defenses or counterclaims as this case develops.

Respectfully submitted,

Dated: May 28, 2025

DINSMORE & SHOHL LLP

By: *<u>/s/ Jeffrey Witham</u>*
Jeffrey Witham
Quinn P. Gardner
Attorneys for Defendant
WPL HOLDINGS, LLC