MANATT, PHELPS & PHILLIPS, LLP
PETER DUCHESNEAU (Bar No. CA 168917)
E-mail: pduchesneau@manatt.com
MATT WILLIAMSON (Bar No. CA 247627)
E-mail: mwilliamson@manatt.com
DAVID MORAN (Bar. No. CA 217647)
E-mail: dmoran@manatt.com
2049 Century Park East
Suite 1700
Los Angeles, California 90067
Telephone: 310.312.4000
Facsimile: 310.312.4224

Attorneys for Defendants
ARAKELIAN ENTERPRISES, INC. DBA
ATHENS SERVICES AND ATHENS
DISPOSAL COMPANY, INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KRISTINA BROWN and ASHLEY MROZ,<br>Plaintiffs,<br>v.<br>ARAKELIAN ENTERPRISES, INC. DBA ATHENS SERVICES, ATHENS DISPOSAL COMPANY, INC., UNIVERSAL WASTE SYSTEMS, INC., CALIFORNIA WASTE SERVICES, LLC, ORGANIC ENERGY SOLUTIONS, LLC, AMERICA'S RECYCLING COMPANY, INC., AMERICA'S RECYCLING COMPANY 2, INC., AMERICA'S RECYCLING COMPANY 3, INC., AMERICA'S RECYCLING COMPANY 4, INC., SEAN E. IRWIN, CAL-SPREADING, LLC, THE SHIN FAMILY TRUST, JUNG M. SHIN, KEVIN RIOS, NEW WEST TRACTOR, LLC, WPL HOLDINGS, LLC, and Does 1-10, inclusive,<br>Defendants. | Case No. 2:25-cv-02855-MWC-PD<br><br>Assigned to Hon. Michelle Williams Court<br><br>**ANSWER BY DEFENDANTS ARAKELIAN ENTERPRISES, INC. DBA ATHENS SERVICES AND ATHENS DISPOSAL COMPANY, INC. TO COMPAINT** |

Defendants Arakelian Enterprises, Inc. dba Athens Services and Athens Disposal Company, Inc. (together, "Athens") answer the complaint filed in the United States District Court for the Central District of California, case number 2:25-cv-02855-MWC-PD (the "Complaint") by plaintiffs Kristina Brown and Ashley Mroz ("Plaintiffs") as follows:

## NATURE OF THE CASE

1. Answering Paragraph 1 of the Complaint, the allegations state a legal conclusion to which no responsive pleading is required. To the extent the remaining allegations in Paragraph 1 require a response, Athens denies that it has violated the Resource Conservation and Recovery Act ("RCRA") and lacks sufficient knowledge and information to form a belief as to the truth of the remaining allegations and on that basis denies each and every allegation contained therein.

2. Answering Paragraph 2 of the Complaint, the allegations state a legal conclusion to which no responsive pleading is required. To the extent the allegations in Paragraph 2 require a response, Athens denies that it owns or operates the Sites in Kern, Los Angeles, and San Bernadino Counties or that the Sites unlawfully received solid waste and/or construction and demolition ("C&D") debris from Athens and lacks sufficient knowledge and information to form a belief as to the truth of any remaining allegations and on that basis denies each and every allegation contained therein.

3. Answering Paragraph 3 of the Complaint, the allegations state a legal conclusion to which no responsive pleading is required. To the extent the allegations in Paragraph 3 require a response, Athens denies that it disposes of C&D debris and solid waste at the Sites and lacks sufficient knowledge and information to form a belief as to the truth of any remaining allegations and on that basis denies each and every allegation contained therein.

4. Answering Paragraph 4 of the Complaint, the allegations state a legal conclusion to which no responsive pleading is required. To the extent the allegations in Paragraph 4 require a response, Athens denies the allegations with respect to it and lacks sufficient knowledge and information to form a belief as to the truth of the remaining allegations and on that basis denies each and every allegation contained therein.

5. Answering Paragraph 5 of the Complaint, the allegations state a legal conclusion to which no responsive pleading is required. To the extent the allegations in Paragraph 5 require a response, Athens denies the allegations with respect to it and lacks sufficient knowledge and information to form a belief as to the truth of any remaining allegations and on that basis denies each and every allegation contained therein.

6. Answering Paragraph 6 of the Complaint, the allegations state a legal conclusion to which no responsive pleading is required. RCRA Subtitles C and D speak for themselves. To the extent the allegations in Paragraph 6 require a response, Athens lacks sufficient knowledge and information to form a belief as to the truth of the allegations and on that basis denies each and every allegation contained therein.

7. Answering Paragraph 7 of the Complaint, the allegations state a legal conclusion to which no responsive pleading is required. RCRA speaks for itself. To the extent the allegations in Paragraph 7 require a response, Athens admits that the text excerpts quoted from 42 U.S.C. § 6902(27), 42 U.S.C. § 6903(3), and 42 CFR § 261.2(B)(3) are as alleged and admits that the cited dictionary definition from Webster's Unabridged Dictionary (2d ed. 2001) of "discarded" includes "disposed." Except as expressly admitted, Athens lacks sufficient knowledge and information to form a belief as to the truth of the

remaining allegations and on that basis denies each and every remaining allegation contained therein.

8. Answering Paragraph 8 of the Complaint, the allegations state a legal conclusion to which no responsive pleading is required. RCRA and its implementing regulations speak for themselves. To the extent the allegations in Paragraph 8 require a response, Athens admits that the EPA has promulgated the regulations cited pursuant to section 4004(a) of RCRA, and lacks sufficient knowledge and information to form a belief as to the truth of the remaining allegations and on that basis denies each and every remaining allegation contained therein.

9. Answering Paragraph 9 of the Complaint, the allegations state a legal conclusion to which no responsive pleading is required. RCRA speaks for itself. To the extent the allegations in Paragraph 9 require a response, Athens admits that the text excerpts quoted from 42 U.S.C. § 6903(13) are as alleged. Except as expressly admitted, Athens lacks sufficient knowledge and information to form a belief as to the truth of the remaining allegations and on that basis denies each and every remaining allegation contained therein.

10. Answering Paragraph 10 of the Complaint, the allegations state a legal conclusion to which no responsive pleading is required. To the extent the allegations in Paragraph 10 require a response, Athens lacks sufficient knowledge and information to form a belief as to the truth of the allegations and on that basis denies each and every allegation contained therein.

11. Answering Paragraph 11 of the Complaint, the allegations state a legal conclusion to which no responsive pleading is required. To the extent the allegations in Paragraph 11 require a response, Athens lacks sufficient knowledge and information to form a belief as to the truth of the allegations and on that basis denies each and every allegation contained therein.

12. Answering Paragraph 12 of the Complaint, the allegations state a legal conclusion to which no responsive pleading is required. To the extent the allegations in Paragraph 12 require a response, Athens denies the allegations with respect to it and lacks sufficient knowledge and information to form a belief as to the truth of the remaining allegations and on that basis denies each and every allegation contained therein.

13. Answering Paragraph 13 of the Complaint, the allegations state a legal conclusion to which no responsive pleading is required. To the extent the allegations in Paragraph 13 require a response, Athens denies the allegations with respect to it and lacks sufficient knowledge and information to form a belief as to the truth of the remaining allegations and on that basis denies each and every allegation contained therein.

14. Answering Paragraph 14 of the Complaint, the allegations state a legal conclusion to which no responsive pleading is required. To the extent the allegations in Paragraph 14 require a response, Athens lacks sufficient knowledge and information to form a belief as to the truth of the allegations and on that basis denies each and every allegation contained therein.

## **JURISDICTION AND VENUE**

15. Answering Paragraph 15 of the Complaint, the allegations state a legal conclusion to which no responsive pleading is required. To the extent the allegations in Paragraph 15 require a response, Athens lacks sufficient knowledge and information to form a belief as to the truth of the allegations and on that basis denies each and every allegation contained therein.

16. Answering Paragraph 16 of the Complaint, the allegations state a legal conclusion to which no responsive pleading is required. To the extent the allegations in Paragraph 16 require a response, Athens admits that the text excerpt quote from 42 U.S.C. § 6972(a)(2) is as alleged. Except as expressly admitted,

Athens lacks sufficient knowledge and information to form a belief as to the truth of the allegations and on that basis denies each and every allegation contained therein.

17. Answering Paragraph 17 of the Complaint, the allegations state a legal conclusion to which no responsive pleading is required. To the extent the allegations in Paragraph 17 require a response, Athens denies the allegations with respect to its acts, omission, and/or violations, and lacks sufficient knowledge and information to form a belief as to the truth of the remaining allegations and on that basis denies each and every allegation contained therein.

18. Answering Paragraph 18 of the Complaint, the allegations state a legal conclusion to which no responsive pleading is required. To the extent the allegations in Paragraph 18 require a response, Athens denies that Plaintiffs have complied with the pre-suit notice provisions of RCRA as to Athens. Athens lacks sufficient knowledge and information to form a belief as to the truth of any remaining allegations and on that basis denies each and every allegation contained therein.

19. Answering Paragraph 19 of the Complaint, the allegations state a legal conclusion to which no responsive pleading is required. To the extent the allegations in Paragraph 19 require a response, Athens denies that on December 3, 2024, Plaintiffs gave notice pursuant to 42 U.S.C. § 6972(b)(2). Athens lacks sufficient knowledge and information to form a belief as to the truth of any remaining allegations and on that basis denies each and every allegation contained therein.

20. Answering Paragraph 20 of the Complaint, the allegations state a legal conclusion to which no responsive pleading is required. To the extent the allegations in Paragraph 20 require a response, Athens admits that the notice alleged certain violations, locations, and persons responsible and denies the

allegations with respect to it. Except as expressly admitted and denied, Athens lacks sufficient knowledge and information to form a belief as to the truth of the remaining allegations and on that basis denies each and every allegation alleged.

21. Answering Paragraph 21 of the Complaint, Athens lacks sufficient knowledge and information to form a belief as to the truth of the allegations and on that basis denies each and every allegation contained therein.

22. Answering Paragraph 22 of the Complaint, Athens admits that the purported notice served on Athens was by certified mail return receipt requested and lacks sufficient knowledge and information to form a belief as to the truth of the remaining allegations and on that basis denies each and every remaining allegation contained therein.

23. Answering Paragraph 23 of the Complaint, Athens admits that 90 days have passed since Athens received the purported notice. Except as expressly admitted and to the extent the remaining allegations in Paragraph 23 require a response, Athens lacks sufficient knowledge and information to form a belief as to the truth of these allegations and on that basis denies each and every remaining allegation contained therein.

24. Answering Paragraph 24 of the Complaint, the allegations state a legal conclusion to which no responsive pleading is required. To the extent the allegations in Paragraph 24 require a response, Athens denies the allegations with respect to it and lacks sufficient knowledge and information to form a belief as to the truth of any remaining allegations and on that basis denies each and every allegation contained therein.

25. Answering Paragraph 25 of the Complaint, the allegations state a legal conclusion to which no responsive pleading is required. To the extent the allegations in Paragraph 25 require a response, Athens denies that it has committed the violations alleged and admits that it has not paid any penalties as it has not

committed any such violations. Except as expressly admitted, Athens lacks sufficient knowledge and information to form a belief as to the truth of the remaining allegations and on that basis denies each and every remaining allegation contained therein.

26. Answering Paragraph 26 of the Complaint, Paragraph 26 constitutes a reservation of rights to which no responsive pleading is required. To the extent the allegations in Paragraph 26 require a response, Athens lacks sufficient knowledge and information to form a belief as to the truth of the allegations and on that basis denies each and every allegation contained therein.

27. Answering Paragraph 27 of the Complaint, Athens lacks sufficient knowledge and information to form a belief as to the truth of the allegations and on that basis denies each and every allegation contained therein.

## **PARTIES**

### A. **Plaintiffs**

28. Answering Paragraph 28 of the Complaint, Athens lacks sufficient knowledge and information to form a belief as to the truth of the allegations and on that basis denies each and every allegation contained therein.

29. Answering Paragraph 29 of the Complaint, Athens lacks sufficient knowledge and information to form a belief as to the truth of the allegations and on that basis denies each and every allegation contained therein.

30. Answering Paragraph 30 of the Complaint, the allegations state a legal conclusion to which no responsive pleading is required. To the extent the allegations in Paragraph 30 require a response, Athens lacks sufficient knowledge and information to form a belief as to the truth of the allegations and on that basis denies each and every allegation contained therein.

31. Answering Paragraph 31 of the Complaint, Athens lacks sufficient knowledge and information to form a belief as to the truth of the allegations and on that basis denies each and every allegation contained therein.

32. Answering Paragraph 32 of the Complaint, the allegations state a legal conclusion to which no responsive pleading is required. To the extent the allegations in Paragraph 32 require a response, Athens denies the allegations with respect to it, and lacks sufficient knowledge and information to form a belief as to the truth of the remaining allegations and on that basis denies each and every allegation contained therein.

33. Answering Paragraph 33 of the Complaint, the allegations state a legal conclusion to which no responsive pleading is required. To the extent the allegations in Paragraph 33 require a response, Athens denies the allegation that it has engaged in unlawful dumping, and lacks sufficient knowledge and information to form a belief as to the truth of the remaining allegations and on that basis denies each and every allegation contained therein.

34. Answering Paragraph 34 of the Complaint, the allegations state a legal conclusion to which no responsive pleading is required. To the extent the allegations in Paragraph 34 require a response, Athens denies the allegation that it has engaged in unlawful dumping, and lacks sufficient knowledge and information to form a belief as to the truth of the remaining allegations and on that basis denies each and every allegation contained therein.

**B. <u>Defendants</u>**

35. Answering Paragraph 35 of the Complaint, Athens admits the allegations contained therein.

36. Answering Paragraph 36 of the Complaint, Athens admits the allegations contained therein.

37. Answering Paragraph 37 of the Complaint, Athens lacks sufficient knowledge and information to form a belief as to the truth of the allegations and on that basis denies each and every allegation contained therein.

38. Answering Paragraph 38 of the Complaint, Athens lacks sufficient knowledge and information to form a belief as to the truth of the allegations and on that basis denies each and every allegation contained therein.

39. Answering Paragraph 39 of the Complaint, Athens lacks sufficient knowledge and information to form a belief as to the truth of the allegations and on that basis denies each and every allegation contained therein.

40. Answering Paragraph 40 of the Complaint, Athens lacks sufficient knowledge and information to form a belief as to the truth of the allegations and on that basis denies each and every allegation contained therein.

41. Answering Paragraph 41 of the Complaint, Athens lacks sufficient knowledge and information to form a belief as to the truth of the allegations and on that basis denies each and every allegation contained therein.

42. Answering Paragraph 42 of the Complaint, Athens lacks sufficient knowledge and information to form a belief as to the truth of the allegations and on that basis denies each and every allegation contained therein.

43. Answering Paragraph 43 of the Complaint, Athens lacks sufficient knowledge and information to form a belief as to the truth of the allegations and on that basis denies each and every allegation contained therein.

44. Answering Paragraph 44 of the Complaint, the allegations state a legal conclusion to which no responsive pleading is required. To the extent the allegations in Paragraph 44 require a response, Athens lacks sufficient knowledge and information to form a belief as to the truth of the allegations and on that basis denies each and every allegation contained therein.

45. Answering Paragraph 45 of the Complaint, the allegations state a legal conclusion to which no responsive pleading is required. To the extent the allegations in Paragraph 45 require a response, Athens lacks sufficient knowledge and information to form a belief as to the truth of the allegations and on that basis denies each and every allegation contained therein.

46. Answering Paragraph 46 of the Complaint, the allegations state a legal conclusion to which no responsive pleading is required. To the extent the allegations in Paragraph 46 require a response, Athens lacks sufficient knowledge and information to form a belief as to the truth of the allegations and on that basis denies each and every allegation contained therein.

47. Answering Paragraph 47 of the Complaint, the allegations state a legal conclusion to which no responsive pleading is required. To the extent the allegations in Paragraph 47 require a response, Athens lacks sufficient knowledge and information to form a belief as to the truth of the allegations and on that basis denies each and every allegation contained therein.

48. Answering Paragraph 48 of the Complaint, the allegations state a legal conclusion to which no responsive pleading is required. To the extent the allegations in Paragraph 48 require a response, Athens lacks sufficient knowledge and information to form a belief as to the truth of the allegations and on that basis denies each and every allegation contained therein.

49. Answering Paragraph 49 of the Complaint, the allegations state a legal conclusion to which no responsive pleading is required. To the extent the allegations in Paragraph 49 require a response, Athens lacks sufficient knowledge and information to form a belief as to the truth of the allegations and on that basis denies each and every allegation contained therein.

50. Answering Paragraph 50 of the Complaint, the allegations state a legal conclusion to which no responsive pleading is required. To the extent the

allegations in Paragraph 50 require a response, Athens lacks sufficient knowledge and information to form a belief as to the truth of the allegations and on that basis denies each and every allegation contained therein.

51. Answering Paragraph 51 of the Complaint, the allegations state a legal conclusion to which no responsive pleading is required. To the extent the allegations in Paragraph 51 require a response, Athens lacks sufficient knowledge and information to form a belief as to the truth of the allegations and on that basis denies each and every allegation contained therein.

52. Answering Paragraph 52 of the Complaint, the allegations state a legal conclusion to which no responsive pleading is required. To the extent the allegations in Paragraph 52 require a response, Athens denies the allegations with respect to it and lacks sufficient knowledge and information to form a belief as to the truth of the remaining allegations and on that basis denies each and every allegation contained therein.

**I. <u>Facts</u>**

53. Answering Paragraph 53 of the Complaint, the allegations state a legal conclusion to which no responsive pleading is required. To the extent the allegations in Paragraph 53 require a response, Athens denies that it has contributed to unlawful dumping operations or the past or present handling, storage, treatment, transportation, or disposal of solid waste which presents an imminent and substantial endangerment to health or the environment, and lacks sufficient knowledge and information to form a belief as to the truth of the remaining allegations, and on that basis denies each and every allegation contained therein.

54. Answering Paragraph 54 of the Complaint, the allegations state a legal conclusion to which no responsive pleading is required. To the extent the allegations in Paragraph 54 require a response, Athens denies that it is engaged in

a scheme to carry out open dumping of solid waste and lacks sufficient knowledge and information to form a belief as to the truth of the remaining allegations and on that basis denies each and every allegation contained therein.

55. Answering Paragraph 55 of the Complaint, the allegations state a legal conclusion to which no responsive pleading is required. To the extent the allegations in Paragraph 55 require a response, Athens denies that it is contributing to the alleged unlawful dumping operations and lacks sufficient knowledge and information to form a belief as to the truth of the remaining allegations and on that basis denies each and every allegation contained therein.

56. Answering Paragraph 56 of the Complaint, the allegations state a legal conclusion to which no responsive pleading is required. To the extent the allegations in Paragraph 56 require a response, Athens denies that it disguises C&D debris and other solid waste on the properties as "green waste" by covering it with mulch and dirt and lacks sufficient knowledge and information to form a belief as to the truth of the remaining allegations and on that basis denies each and every allegation contained therein.

57. Answering Paragraph 57 of the Complaint, Athens lacks sufficient knowledge and information to form a belief as to the truth of the allegations and on that basis denies each and every allegation contained therein.

58. Answering Paragraph 58 of the Complaint, the allegations state a legal conclusion to which no responsive pleading is required. Title 14 speaks for itself. To the extent the allegations in Paragraph 58 require a response, Athens lacks sufficient knowledge and information to form a belief as to the truth of the allegations and on that basis denies each and every allegation contained therein.

59. Answering Paragraph 59 of the Complaint, Athens lacks sufficient knowledge and information to form a belief as to the truth of the allegations and on that basis denies each and every allegation contained therein.

60. Answering Paragraph 60 of the Complaint, Athens admits that on June 4, 2025, the Los Angeles Board of Supervisors passed Item 89-E, Enhancing Enforcement and Response to Illegal Mulch Dumping and Fire, which speaks for itself. Except as expressly admitted and to the extent the remaining allegations in Paragraph 60 require a response, Athens lacks sufficient knowledge and information to form a belief as to the truth of the remaining allegations and on that basis denies each and every remaining allegation contained therein.

61. Answering Paragraph 61 of the Complaint, Athens lacks sufficient knowledge and information to form a belief as to the truth of the allegations and on that basis denies each and every allegation contained therein.

62. Answering Paragraph 62 of the Complaint, Athens lacks sufficient knowledge and information to form a belief as to the truth of the allegations and on that basis denies each and every allegation contained therein.

63. Answering Paragraph 63 of the Complaint, Athens lacks sufficient knowledge and information to form a belief as to the truth of the allegations and on that basis denies each and every allegation contained therein.

64. Answering Paragraph 64 of the Complaint, Athens lacks sufficient knowledge and information to form a belief as to the truth of the allegations and on that basis denies each and every allegation contained therein.

65. Answering Paragraph 65 of the Complaint, Athens admits that CalRecycle records indicate that CalRecycle held a public meeting on October 16, 2024. Except as expressly admitted, Athens denies Plaintiffs' characterization of the meeting and lacks sufficient knowledge and information to form a belief as to the truth of the remaining allegations in Paragraph 65 and on that basis denies each and every remaining allegation contained therein.

66. Answering Paragraph 66 of the Complaint, the allegations state a legal conclusion to which no response is required. To the extent the allegations in

Paragraph 66 require a response, Athens admits that CalRecycle records indicate that on October 29, 2024, CalRecycle met with Antelope Valley community members. Except as expressly admitted, Athens denies the allegations with respect to it and lacks sufficient knowledge and information to form a belief as to the truth any remaining allegations and on that basis denies each and every allegation contained therein.

67. Answering Paragraph 67 of the Complaint, Athens lacks sufficient knowledge and information to form a belief as to the truth of the allegations and on that basis denies each and every allegation contained therein .

68. Answering Paragraph 68 of the Complaint, Athens denies the allegations with respect to it and admits that CalRecycle records indicate that it conducted a "two-day tour" in or about November 17 and 18, 2024, of certain properties in the Antelope Valley. Except as expressly admitted, Athens lacks sufficient knowledge and information to form a belief as to the truth of the allegations and on that basis denies each and every allegation contained therein.

69. Answering Paragraph 69 of the Complaint, the allegations state a legal conclusion to which no response is required. To the extent the allegations in Paragraph 69 require a response, Athens admits that the CalRecycle Illegal Disposal Emergency Rulemaking Notice of Proposed Emergency Action speaks for itself. Except as expressly admitted, Athens lacks sufficient knowledge and information to form a belief as to the truth of any remaining allegations in Paragraph 69, and on that basis denies each and every remaining allegation contained therein.

70. Answering Paragraph 70 of the Complaint, the allegations state a legal conclusion to which no responsive pleading is required. The regulation speaks for itself. To the extent the allegations in Paragraph 70 require a response, Athens admits that on or about February 4, 2025, CalRecycle proposed emergency

regulations entitled "Illegal Disposal Emergency Regulations" to amend certain existing sections and adopt certain sections of Title 14 of the California Code of Regulations. Except as expressly admitted, Athens lacks sufficient knowledge and information to form a belief as to the truth of the remaining allegations in Paragraph 70 and on that basis denies each and every remaining allegation contained therein.

71. Answering Paragraph 71 of the Complaint, the allegations state a legal conclusion to which no responsive pleading is required. The regulation speaks for itself. To the extent the allegations in Paragraph 71 require a response, Athens lacks sufficient knowledge and information to form a belief as to the truth of the allegations and on that basis denies each and every allegation contained therein.

72. Answering Paragraph 72 of the Complaint, the allegations state a legal conclusion to which no responsive pleading is required. The regulation speaks for itself. To the extent the allegations in Paragraph 72 require a response, Athens lacks sufficient knowledge and information to form a belief as to the truth of the allegations and on that basis denies each and every allegation contained therein.

73. Answering Paragraph 73 of the Complaint, the allegations state a legal conclusion to which no responsive pleading is required. The regulation speaks for itself. To the extent the allegations in Paragraph 73 require a response, Athens admits that the emergency regulations were approved by the Office of Administrative Law on February 14, 2025, and that the approval indicates it is "effective on 2/14/2025." Athens denies the allegations with respect to its "activities." Except as expressly admitted and denied, Athens lacks sufficient knowledge and information to form a belief as to the truth of the remaining allegations and on that basis denies them.

74. Answering Paragraph 74 of the Complaint, the allegations state a legal conclusion to which no responsive pleading is required. Title 14 speaks for itself. Moreover, the allegation that Title 14 "broadly" prohibits any mulch operation that "negatively" impacts the environment is too vague and ambiguous to admit or deny. To the extent the allegations in Paragraph 74 require a response, Athens lacks sufficient knowledge and information to form a belief as to the truth of the allegations and on that basis denies each and every allegation contained therein.

75. Answering Paragraph 75 of the Complaint, the allegations state a legal conclusion to which no responsive pleading is required. To the extent the allegations in Paragraph 75 require a response, Athens lacks sufficient knowledge and information to form a belief as to the truth of the allegations and on that basis denies each and every allegation contained therein.

76. Answering Paragraph 76 of the Complaint, Athens lacks sufficient knowledge and information to form a belief as to the truth of the allegations and on that basis denies each and every allegation contained therein.

77. Answering Paragraph 77 of the Complaint, Athens denies that it has irresponsibly comingled waste streams, denies that it has directly or proximately contributed to the creation of an imminent and substantial endangerment to health and the environment, and lacks sufficient knowledge and information to form a belief as to the truth of the remaining allegations in Paragraph 77, and on that basis denies each and every allegation contained therein.

78. Answering Paragraph 78 of the Complaint, the allegations state a legal conclusion to which no responsive pleading is required. To the extent the allegations in Paragraph 78 require a response, Athens denies that it has participated in unlawful dumping at the Sites and lacks sufficient knowledge and

information to form a belief as to the truth of the remaining allegations and on that basis denies each and every allegation contained therein.

79. Answering Paragraph 79 of the Complaint, Athens denies the allegations with respect to it and lacks sufficient knowledge and information to form a belief as to the truth of the allegations and on that basis denies each and every allegation contained therein.

80. Answering Paragraph 80 of the Complaint, the allegations state a legal conclusion to which no responsive pleading is required. To the extent the allegations in Paragraph 80 require a response, Athens denies the allegations with respect to it and lacks sufficient knowledge and information to form a belief as to the truth of the remaining allegations and on that basis denies each and every allegation contained therein.

81. Answering Paragraph 81 of the Complaint, Athens lacks sufficient knowledge and information to form a belief as to the truth of the allegations and on that basis denies each and every allegation contained therein.

82. Answering Paragraph 82 of the Complaint, the allegations state a legal conclusion to which no responsive pleading is required. To the extent the allegations in Paragraph 82 require a response, Athens lacks sufficient knowledge and information to form a belief as to the truth of the allegations and on that basis denies each and every allegation contained therein.

83. Answering Paragraph 83 of the Complaint, Athens admits that Arakelian Enterprises, Inc. dba Athens Services provides contracted municipal waste and recycling services for over 50 communities in Southern California. Except as expressly admitted, Athens denies each and every allegation contained therein.

84. Answering Paragraph 84 of the Complaint, Athens admits that after collecting waste from commercial and residential locations, Arakelian

Enterprises, Inc. dba Athens Services delivers waste to its processing facilities. Except as expressly admitted, Athens denies each and every allegation contained therein.

85. Answering Paragraph 85 of the Complaint, Athens admits that Crown Recycling Services, a subsidiary of Arakelian Enterprises, Inc. dba Athens Services, is located in Sun Valley, California, which is described on Athens Services' website (athensservices.com/crown-recycling-services) as a "Leader in Construction and Demolition Diversion." Crown processes C&D materials received from various sources. Except as expressly admitted, Athens lacks sufficient knowledge and information to form a belief as to the truth of the allegations and on that basis denies each and every allegation contained therein.

86. Answering Paragraph 86 of the Complaint, Athens admits that Arakelian Enterprises, Inc. dba Athens Services has a facility located at 14048 E. Valley Blvd. City of Industry, CA 91746, which receives organic waste. Except as expressly admitted, Athens lacks sufficient knowledge and information to form a belief as to the truth of the allegations and on that basis denies each and every allegation contained therein.

87. Answering Paragraph 87 of the Complaint, Athens admits that the Athens Services website (athensservices.com/organic-separation-press-drives-waste-diversion) indicates "Athens has the exclusive rights to the OSP and its proprietary technology in the Los Angeles area" and that "[t]he machine processes about 40 tons per hour and recovers 20-40 percent of the material; previously, 100 percent of this material was shipped to local landfills." Except as expressly admitted, Athens denies each and every allegation contained therein.

88. Answering Paragraph 88 of the Complaint, Athens admits that the website indicates that the "New [OSP] Technology to Help Cities Meet

California's Organic Waste Diversion Goals." Except as expressly admitted, Athens denies each and every allegation contained therein.

89. Answering Paragraph 89 of the Complaint, Athens admits that organic waste from the Athens Services facility, located at 14048 E. Valley Blvd. City of Industry, CA 91746, is transported to another Athens Services facility, American Organics (a subsidiary of Arakelian Enterprises, Inc.), located at 20055 Shay Road Victorville, CA 92394 for composting, and that the Athens Services website (athensservices.com/american-organics) indicates "Athens Services provides composting through our state-of-the-art facility, American Organics. We process many types of organics materials, including food waste." Athens admits that organic waste from Crown Recycling Services is transported to Recology Blossom Valley Organics, which is not affiliated with Athens. Except as expressly admitted, Athens denies each and every allegation contained therein.

90. Answering Paragraph 90 of the Complaint, Athens admits composting activities at the American Organics facility help achieve "Zero-Waste" practices through the composting of organic waste and that Athens Services sends material collected in green bins from certain municipalities where Athens has a franchise agreement to the American Organics facility for processing. Except as expressly admitted, Athens denies each and every allegation contained therein.

91. Answering Paragraph 91 of the Complaint, Athens admits that Athens Services is paid to collect waste in certain municipalities where households are provided bins for sorting waste, including green waste bins for green waste, and that Athens performs processing of the collected waste in compliance with Title 14 and Title 27 of the California Code of Regulations. Except as expressly admitted, Athens lacks sufficient knowledge and information to form a belief as to the truth of the allegations and on that basis denies each and every allegation contained therein.

92. Answering Paragraph 92 of the Complaint, Athens denies each and every allegation contained therein.

93. Answering Paragraph 93 of the Complaint, Athens admits that some compliant land application materials from American Organics have been transported by other parties to the Irwin and New West Tractor Sites and otherwise denies each and every allegation as to it. Except as expressly admitted and denied, Athens lacks sufficient knowledge and information to form a belief as to the truth of the allegations and on that basis denies each and every allegation contained therein.

94. Answering Paragraph 94 of the Complaint, the allegations state a legal conclusion to which no responsive pleading is required. To the extent the allegations in Paragraph 94 require a response, Athens denies the allegations with respect to it and lacks sufficient knowledge and information to form a belief as to the truth of the remaining allegations and on that basis denies each and every allegation contained therein.

95. Answering Paragraph 95 of the Complaint, the allegations state a legal conclusion to which no responsive pleading is required. To the extent the allegations in Paragraph 95 require a response, Athens lacks sufficient knowledge and information to form a belief as to the truth of the allegations and on that basis denies each and every allegation contained therein.

96. Answering Paragraph 96 of the Complaint, the allegations state a legal conclusion to which no responsive pleading is required. To the extent the allegations in Paragraph 96 require a response, Athens lacks sufficient knowledge and information to form a belief as to the truth of the allegations and on that basis denies each and every allegation contained therein.

97. Answering Paragraph 97 of the Complaint, Athens lacks sufficient knowledge and information to form a belief as to the truth of the allegations and on that basis denies each and every allegation contained therein.

98. Answering Paragraph 98 of the Complaint, Athens lacks sufficient knowledge and information to form a belief as to the truth of the allegations and on that basis denies each and every allegation contained therein.

99. Answering Paragraph 99 of the Complaint, Athens lacks sufficient knowledge and information to form a belief as to the truth of the allegations and on that basis denies each and every allegation contained therein.

100. Answering Paragraph 100 of the Complaint, Athens admits that Athens Services received sludge from OES from approximately January to July 2021, but otherwise denies the allegation with respect to Athens. Except as expressly admitted and denied, Athens otherwise lacks sufficient knowledge and information to form a belief as to the truth of the allegations and on that basis denies each and every allegation contained therein.

101. Answering Paragraph 101 of the Complaint, the allegations state a legal conclusion to which no responsive pleading is required. To the extent the allegations in Paragraph 101 require a response, Athens lacks sufficient knowledge and information to form a belief as to the truth of the allegations and on that basis denies each and every allegation contained therein.

102. Answering Paragraph 102 of the Complaint, the allegations state a legal conclusion to which no responsive pleading is required. To the extent the allegations in Paragraph 102 require a response, Athens lacks sufficient knowledge and information to form a belief as to the truth of the allegations and on that basis denies each and every allegation contained therein.

103. Answering Paragraph 103 of the Complaint, the allegations state a legal conclusion to which no responsive pleading is required. To the extent

the allegations in Paragraph 103 require a response, Athens lacks sufficient knowledge and information to form a belief as to the truth of the allegations and on that basis denies each and every allegation contained therein.

104. Answering Paragraph 104 of the Complaint, the allegations state a legal conclusion to which no responsive pleading is required. To the extent the allegations in Paragraph 104 require a response, Athens lacks sufficient knowledge and information to form a belief as to the truth of the allegations and on that basis denies each and every allegation contained therein.

105. Answering Paragraph 105 of the Complaint, Athens lacks sufficient knowledge and information to form a belief as to the truth of the allegations and on that basis denies each and every allegation contained therein.

106. Answering Paragraph 106 of the Complaint, Athens admits that Crown Recycling Services entered into a Beneficial Material for Land Application Agreement with Cal-Spreading, LLC. Except as expressly admitted, Athens denies each and every allegation contained therein.

107. Answering Paragraph 107 of the Complaint, Athens lacks sufficient knowledge and information to form a belief as to the truth of the allegations and on that basis denies each and every allegation contained therein.

108. Answering Paragraph 108 of the Complaint, Athens admits that some plastics have been picked out of material at the Irwin Site. Except as expressly admitted, Athens denies each and every allegation contained therein.

109. Answering Paragraph 109 of the Complaint, the allegations state a legal conclusion to which no responsive pleading is required. To the extent the allegations in Paragraph 109 require a response, Athens denies the allegations with respect to it and lacks sufficient knowledge and information to form a belief as to the truth of the remaining allegations and on that basis denies each and every allegation contained therein.

110. Answering Paragraph 110 of the Complaint, Athens lacks sufficient knowledge and information to form a belief as to the truth of the allegations and on that basis denies each and every allegation contained therein.

111. Answering Paragraph 111 of the Complaint, Athens lacks sufficient knowledge and information to form a belief as to the truth of the allegations and on that basis denies each and every allegation contained therein.

112. Answering Paragraph 112 of the Complaint, the allegations state a legal conclusion to which no responsive pleading is required. To the extent the allegations in Paragraph 112 require a response, Athens lacks sufficient knowledge and information to form a belief as to the truth of the allegations and on that basis denies each and every allegation contained therein.

113. Answering Paragraph 113 of the Complaint, the allegations state a legal conclusion to which no responsive pleading is required. To the extent the allegations in Paragraph 113 require a response, Athens lacks sufficient knowledge and information to form a belief as to the truth of the allegations and on that basis denies each and every allegation contained therein.

114. Answering Paragraph 114 of the Complaint, Athens admits that some land application material from American Organics, located at 20055 Shay Rd, Victorville, CA 92394, was delivered to the New West Tractor Site. Except as expressly admitted, Athens lacks sufficient knowledge and information to form a belief as to the truth of the allegations and on that basis denies each and every allegation contained therein.

115. Answering Paragraph 115 of the Complaint, Athens admits that records indicate over 10,000 tons of compliant land application material from American Organics was transported to the New West Tractor Site. Except as expressly admitted, Athens denies the allegation.

116. Answering Paragraph 116 of the Complaint, Athens lacks sufficient knowledge and information to form a belief as to the truth of the allegations and on that basis denies each and every allegation contained therein.

117. Answering Paragraph 117 of the Complaint, Athens admits that American Organics entered into a "Beneficial Material for Land Application Agreement" with New West Tractor, pursuant to which American Organics paid New West Tractor a negotiated rate per ton for land application materials delivered to New West Tractor. Except as expressly admitted, Athens denies the allegation.

118. Answering Paragraph 118 of the Complaint, the allegations state a legal conclusion to which no responsive pleading is required. To the extent the allegations in Paragraph 118 require a response, Athens lacks sufficient knowledge and information to form a belief as to the truth of the allegations and on that basis denies each and every allegation contained therein.

119. Answering Paragraph 119 of the Complaint, Athens lacks sufficient knowledge and information to form a belief as to the truth of the allegations and on that basis denies each and every allegation contained therein.

120. Answering Paragraph 120 of the Complaint, the allegations state a legal conclusion to which no responsive pleading is required. To the extent the allegations in Paragraph 120 require a response, Athens lacks sufficient knowledge and information to form a belief as to the truth of the allegations and on that basis denies each and every allegation contained therein.

121. Answering Paragraph 121 of the Complaint, the allegations state a legal conclusion to which no responsive pleading is required. To the extent the allegations in Paragraph 121 require a response, Athens admits that the Los Angeles County Department of Public Health, Solid Waste Management Program, acting as the Local Enforcement Agency (LEA) issued a notice of violation to Sean Irwin and his Agents on February 26, 2024, regarding an investigation that it

conducted at the property located at 18350 West Avenue F8, Lancaster, CA 93536, which speaks for itself. Except as expressly admitted, Athens lacks sufficient knowledge and information to form a belief as to the truth of the allegations and on that basis denies each and every allegation contained therein.

122. Answering Paragraph 122 of the Complaint, the allegations state a legal conclusion to which no responsive pleading is required. To the extent the allegations in Paragraph 122 require a response, Athens admits that the Los Angeles County Department of Public Health, Solid Waste Management Program, acting as the Local Enforcement Agency (LEA) issued a notice of violation to Sean Irwin and his Agents on February 26, 2024, regarding an investigation that it conducted at the property located at 18350 West Avenue F8, Lancaster, CA 93536, which speaks for itself. Except as expressly admitted, Athens lacks sufficient knowledge and information to form a belief as to the truth of the allegations and on that basis denies each and every allegation contained therein.

123. Answering Paragraph 123 of the Complaint, Athens lacks sufficient knowledge and information to form a belief as to the truth of the allegations and on that basis denies each and every allegation contained therein.

124. Answering Paragraph 124 of the Complaint, Athens lacks sufficient knowledge and information to form a belief as to the truth of the allegations and on that basis denies each and every allegation contained therein.

125. Answering Paragraph 125 of the Complaint, the allegations state a legal conclusion to which no responsive pleading is required. To the extent the allegations in Paragraph 125 require a response, Athens lacks sufficient knowledge and information to form a belief as to the truth of the allegations and on that basis denies each and every allegation contained therein.

126. Answering Paragraph 126 of the Complaint, Athens lacks sufficient knowledge and information to form a belief as to the truth of the allegations and on that basis denies each and every allegation contained therein.

127. Answering Paragraph 127 of the Complaint, Athens lacks sufficient knowledge and information to form a belief as to the truth of the allegations and on that basis denies each and every allegation contained therein.

128. Answering Paragraph 128 of the Complaint, Athens lacks sufficient knowledge and information to form a belief as to the truth of the allegations and on that basis denies each and every allegation contained therein.

129. Answering Paragraph 129 of the Complaint, Athens lacks sufficient knowledge and information to form a belief as to the truth of the allegations and on that basis denies each and every allegation contained therein.

130. Answering Paragraph 130 of the Complaint, Athens lacks sufficient knowledge and information to form a belief as to the truth of the allegations and on that basis denies each and every allegation contained therein.

131. Answering Paragraph 131 of the Complaint, Athens lacks sufficient knowledge and information to form a belief as to the truth of the allegations and on that basis denies each and every allegation contained therein.

132. Answering Paragraph 132 of the Complaint, the allegations state a legal conclusion to which no responsive pleading is required. To the extent the allegations in Paragraph 132 require a response, Athens lacks sufficient knowledge and information to form a belief as to the truth of the allegations and on that basis denies each and every allegation contained therein.

133. Answering Paragraph 133 of the Complaint, Athens lacks sufficient knowledge and information to form a belief as to the truth of the allegations and on that basis denies each and every allegation contained therein.

134. Answering Paragraph 134 of the Complaint, Athens lacks sufficient knowledge and information to form a belief as to the truth of the allegations and on that basis denies each and every allegation contained therein.

135. Answering Paragraph 135 of the Complaint, Athens lacks sufficient knowledge and information to form a belief as to the truth of the allegations and on that basis denies each and every allegation contained therein.

136. Answering Paragraph 136 of the Complaint, Athens lacks sufficient knowledge and information to form a belief as to the truth of the allegations and on that basis denies each and every allegation contained therein.

137. Answering Paragraph 137 of the Complaint, Athens lacks sufficient knowledge and information to form a belief as to the truth of the allegations and on that basis denies each and every allegation contained therein.

138. Answering Paragraph 138 of the Complaint, Athens denies that UWS and CWS delivered to the Kern Site for Athens. Except as expressly denied, Athens lacks sufficient knowledge and information to form a belief as to the truth of the allegations and on that basis denies each and every allegation contained therein.

139. Answering Paragraph 139 of the Complaint, the allegations state a legal conclusion to which no responsive pleading is required. To the extent the allegations in Paragraph 139 require a response, Athens lacks sufficient knowledge and information to form a belief as to the truth of the allegations and on that basis denies each and every allegation contained therein.

140. Answering Paragraph 140 of the Complaint, the allegations state a legal conclusion to which no responsive pleading is required. To the extent the allegations in Paragraph 140 require a response, Athens admits that certain compliant land application material from American Organics was delivered to the WPL Site by other parties and denies the remaining allegations with respect to it.

Except as expressly admitted and denied, Athens lacks sufficient knowledge and information to form a belief as to the truth of the allegations and on that basis denies each and every allegation contained therein.

141. Answering Paragraph 141 of the Complaint, the allegations state a legal conclusion to which no responsive pleading is required. To the extent the allegations in Paragraph 141 require a response, Athens lacks sufficient knowledge and information to form a belief as to the truth of the allegations and on that basis denies each and every allegation contained therein.

142. Answering Paragraph 142 of the Complaint, the allegations state a legal conclusion to which no responsive pleading is required. To the extent the allegations in Paragraph 142 require a response, Athens lacks sufficient knowledge and information to form a belief as to the truth of the allegations and on that basis denies each and every allegation contained therein.

143. Answering Paragraph 143 of the Complaint, Athens lacks sufficient knowledge and information to form a belief as to the truth of the allegations and on that basis denies each and every allegation contained therein.

144. Answering Paragraph 144 of the Complaint, Athens lacks sufficient knowledge and information to form a belief as to the truth of the allegations and on that basis denies each and every allegation contained therein.

145. Answering Paragraph 146 of the Complaint, the allegations state an opinion to which no responsive pleading is required. To the extent the allegations in Paragraph 146 require a response, Athens lacks sufficient knowledge and information to form a belief as to the truth of the allegations and on that basis denies each and every allegation contained therein.

## II. Causes of Action

### A. Count I: Violations of the Resource Conservation and Recovery Act, 42 U.S.C. § 6972(a)(1)

146. Answering Paragraph 146 of the Complaint, Athens incorporates its response to the preceding paragraphs as if fully set forth herein.

147. Answering Paragraph 147 of the Complaint, the allegations state a legal conclusion to which no responsive pleading is required. RCRA's citizen suit provisions at 42 U.S.C. § 6972 speak for themselves. To the extent the allegations in Paragraph 147 require a response, Athens admits that it is a person as defined under 42 U.S.C. § 6903(15). Except as expressly admitted, Athens lacks sufficient knowledge and information to form a belief as to the truth of the allegations and on that basis denies each and every allegation contained therein.

148. Answering Paragraph 148 of the Complaint, the allegations state a legal conclusion to which no responsive pleading is required. To the extent the allegations in Paragraph 148 require a response, Athens denies the allegations with respect to it and lacks sufficient knowledge and information to form a belief as to the truth of the remaining allegations and on that basis denies each and every allegation contained therein.

149. Answering Paragraph 149 of the Complaint, the allegations state a legal conclusion to which no responsive pleading is required. To the extent the allegations in Paragraph 149 require a response, Athens denies that allegation with respect to it. Except as expressly denied, Athens lacks sufficient knowledge and information to form a belief as to the truth of the allegations and on that basis denies each and every allegation contained therein.

150. Answering Paragraph 150 of the Complaint, the allegations state a legal conclusion to which no responsive pleading is required. Government regulations speak for themselves. To the extent the allegations in Paragraph 150

require a response, Athens denies the allegations with respect to it and lacks sufficient knowledge and information to form a belief as to the truth of the remaining allegations and on that basis denies each and every allegation contained therein.

151. Answering Paragraph 151 of the Complaint, Athens admits that compliant land application materials from certain Athens Services affiliated facilities were transported by other parties to the Three Points, Irwin, WPL and New West Tractor Sites and otherwise denies the allegations with respect to it. Except as expressly admitted and denied, Athens lacks sufficient knowledge and information to form a belief as to the truth of the allegations and on that basis denies each and every allegation contained therein.

152. Answering Paragraph 152 of the Complaint, the allegations state a legal conclusion to which no responsive pleading is required. To the extent the allegations in Paragraph 152 require a response, Athens denies the allegations with respect to it and lacks sufficient knowledge and information to form a belief as to the truth of the remaining allegations and on that basis denies each and every allegation contained therein.

153. Answering Paragraph 153 of the Complaint, the allegations state a legal conclusion to which no responsive pleading is required. To the extent the allegations in Paragraph 153 require a response, Athens denies the allegations with respect to it and lacks sufficient knowledge and information to form a belief as to the truth of the remaining allegations and on that basis denies each and every allegation contained therein.

154. Answering Paragraph 154 of the Complaint, the allegations state a legal conclusion to which no responsive pleading is required. To the extent the allegations in Paragraph 154 require a response, Athens denies the allegations with respect to it and lacks sufficient knowledge and information to form a belief

as to the truth of the remaining allegations and on that basis denies each and every allegation contained therein.

155. Answering Paragraph 155 of the Complaint, the allegations state a legal conclusion to which no responsive pleading is required. To the extent the allegations in Paragraph 155 require a response, Athens denies the allegations with respect to it and lacks sufficient knowledge and information to form a belief as to the truth of the remaining allegations and on that basis denies each and every allegation contained therein.

156. Answering Paragraph 156 of the Complaint, Athens admits that it has not installed liners at the Sites or completed stormwater pollution prevention plans for the Sites and denies that it was required to do so. Except as expressly admitted and denied, Athens lacks sufficient knowledge and information to form a belief as to the truth of the remaining allegations and on that basis denies each and every remaining allegation contained therein.

157. Answering Paragraph 157 of the Complaint, the allegations state a legal conclusion to which no responsive pleading is required. To the extent the allegations in Paragraph 157 require a response, Athens denies the allegations with respect to it and lacks sufficient knowledge and information to form a belief as to the truth of the remaining allegations and on that basis denies each and every allegation contained therein.

158. Answering Paragraph 158 of the Complaint, the allegations state a legal conclusion to which no responsive pleading is required. To the extent the allegations in Paragraph 158 require a response, Athens denies the allegations with respect to it and lacks sufficient knowledge and information to form a belief as to the truth of the remaining allegations and on that basis denies each and every allegation contained therein.

159. Answering Paragraph 159 of the Complaint, the allegations state a legal conclusion to which no responsive pleading is required. To the extent the allegations in Paragraph 159 require a response, Athens denies the allegations with respect to it and lacks sufficient knowledge and information to form a belief as to the truth of the remaining allegations and on that basis denies each and every allegation contained therein.

160. Answering Paragraph 160 of the Complaint, the allegations state a legal conclusion to which no responsive pleading is required. To the extent the allegations in Paragraph 160 require a response, Athens denies the allegations with respect to it and lacks sufficient knowledge and information to form a belief as to the truth of the remaining allegations and on that basis denies each and every allegation contained therein.

**JURY TRIAL DEMANDED AND PRAYER FOR RELIEF**

No response is required to Plaintiffs' prayer for relief. To the extent a response may be required, Athens denies the relief sought by Plaintiffs, and denies that Plaintiffs are entitled to a jury trial on their causes of action.

**AFFIRMATIVE DEFENSES**

By alleging the affirmative and other defenses herein and below, Athens does not intend to alter any burden of proof that otherwise exists with regard to the claims in the Complaint. All defenses are pled in the alternative and do not constitute an admission of liability, allegation, cause of action or theories of recovery or as to whether Plaintiffs are entitled to relief, which are denied. Athens reserves the right to bring affirmative claims against Plaintiffs and to amend its Answer and Affirmative Defenses in accordance with applicable law, rules or orders.

**First Affirmative Defense**

**(Failure to State a Claim)**

1. Plaintiffs' Complaint and the claims stated therein fail to state a claim upon which relief can be granted.

**Second Affirmative Defense**

**(Failure to Provide Notice of Claim)**

2. Plaintiffs' claims are barred, in whole or in part, because Plaintiffs failed to provide adequate notice of the violations alleged to Athens, the Administrator of the Environmental Protection Agency and/or the State of California, as required by the pre suit notice provisions of title 42, section 6972(b)(1) and (2) of the United States Code.

**Third Affirmative Defense**

**(Failure to Join Necessary or Indispensable Parties)**

3. Plaintiffs' claims are barred, in whole or in part, for failure to name a necessary, proper, or indispensable party. Those necessary and/or indispensable parties are liable for alleged damages, injury or relief relating to the subject matter of this action. Thus, such necessary and/or indispensable parties are so situated that the disposition of this action in their absence may both impair and impede their ability to protect that interest and expose Athens to a substantial risk of multiple liability or otherwise inconsistent obligations. The just and complete adjudication of the subject matter of this action thus requires the joinder of these absent parties.

**Fourth Affirmative Defense**

**(Prematurity of Action)**

4. Plaintiffs' claims are barred, in whole or in part, because this action is premature.

**Fifth Affirmative Defense**

**(Outside Zone of Interest)**

5. Plaintiffs' claims are barred, in whole or in part, because some or all of Plaintiffs' alleged harms fall outside of RCRA's zone of interest.

**Sixth Affirmative Defense**

**(No Violation)**

6. Plaintiffs' claims are barred, in whole or in part, because Athens' actions, past or present, have not caused a violation of RCRA or California laws and regulations.

**Seventh Affirmative Defense**

**(No Ongoing Violation)**

7. Plaintiffs' claims are barred, in whole or in part, because Athens' actions, past or present, have not caused an ongoing or continuing violation of RCRA or California laws and regulations.

**Eighth Affirmative Defense**

**(No Imminent and Substantial Endangerment)**

8. Plaintiffs' claims are barred, in whole or in part, because Athens has not contributed to the past or present handling, storage, treatment, transportation, or disposal of any solid or hazardous waste which may present or otherwise cause an imminent and substantial endangerment to health or the environment.

**Ninth Affirmative Defense**

**(Not Owner or Operator)**

9. Plaintiffs' claims are barred, in whole or in part, because Athens is not liable to the extent it is not an owner or operator of the sites at issue.

**Tenth Affirmative Defense**

**(Not Transporter)**

10. Plaintiffs' claims are barred, in whole or in part, because Athens is not liable to the extent it is not a transporter of solid waste to the sites at issue.

**Eleventh Affirmative Defense**

**(No Contribution to Handling, Storage, Treatment, Transportation, or Disposal of Waste)**

11. Plaintiffs' claims are barred, in whole or in part, because Athens is not liable to the extent that it did not contribute and is not contributing to the past or present handling, storage, treatment, transportation, or disposal of any solid or hazardous waste pursuant to Title 42, Section 6972(a)(1)(B) of the United States Code or California laws and regulations.

**Twelfth Affirmative Defense**

**(Administrative Procedure Act)**

12. Plaintiffs' claims are barred, in whole or in part, because the regulations at Title 42, Sections 257 and 258 of the California Code of Regulations were promulgated in violation of the California Administrative Procedure Act, and the regulations and/or alleged violations are unenforceable on that basis.

**Thirteenth Affirmative Defense**

**(Res Judicata)**

13. Plaintiffs' claims are barred, in whole or in part, by the doctrine of res judicata.

**Fourteenth Affirmative Defense**

**(Statutes of Limitations)**

14. Plaintiffs' claims are barred, in whole or in part, by the applicable statutes of limitations.

**Fifteenth Affirmative Defense**

**(Collateral Estoppel)**

15. Plaintiffs' claims are barred, in whole or in part, by the doctrine of collateral estoppel.

**Sixteenth Affirmative Defense**

**(Preemption)**

16. Plaintiffs' claims are barred, in whole or in part, because the legislation and regulations upon which each and every cause of action contained in the Complaint is based are preempted by federal law.

**Seventeenth Affirmative Defense**

**(Prosecution by Agency or the State)**

17. Plaintiffs' claims are barred, in whole or in part, pursuant to title 42, section 6972(b)(2)(B) and (C) of the United States Code, because either the Administrator of the Environmental Protection Agency or the State of California, or both, have taken one or more actions that prohibit a citizen suit from commencing.

**Eighteenth Affirmative Defense**

**(Primary Jurisdiction)**

18. Plaintiffs' claims are barred, in whole or in part, by the doctrine of primary jurisdiction.

**Nineteenth Affirmative Defense**

**(Anti-Duplication)**

19. Plaintiffs' claims are barred, in whole or in part, by the Anti-Duplication provision at title 42, section 6905(a) of the United State Code, because the activities alleged to be violations are regulated by another federal environmental statute and enforcement would lead to inconsistent requirements.

**<u>Twentieth Affirmative Defense</u>**

**(Abstention and Comity)**

20. The Court should abstain from hearing Plaintiffs' claims under the *Colorado River* doctrine of abstention, or any other applicable doctrine of abstention or comity, because resolution of Plaintiffs' state court actions will resolve the Complaint.

**<u>Twenty-First Affirmative Defense</u>**

**(Negligence of Third Parties)**

21. Plaintiffs' claims are barred, in whole or in part, by the negligence of third parties, including Plaintiffs' own contributory negligence. Third parties, including Plaintiffs, have failed to exercise ordinary care, caution or prudence for their own welfare or to avoid the happening of the alleged harms, if any, set forth in the Complaint, and by their failure to do so, they thereby directly and proximately caused and contributed to the happening of such alleged harms, if any. Accordingly, any costs Athens is ordered to bear, if any, must be reduced in proportion to the amount of negligence on the part of third parties, including Plaintiffs, or barred entirely.

**<u>Twenty-Second Affirmative Defense</u>**

**(Comparative Fault)**

22. Plaintiffs' claims are barred, in whole or in part, as any discharges or releases, losses or damages alleged were proximately caused by persons or entities other than Athens, including Plaintiffs and the other Defendants in this action. The liability of such other persons or entities should be apportioned according to the relative degree of fault, and the liability of Athens, if any, should be reduced accordingly or barred entirely.

**<u>Twenty-Third Affirmative Defense</u>**

**(Lack of Proximate Causation)**

23. Plaintiffs' claims are barred, in whole or in part, because Athens did not proximately cause any of the alleged discharges, releases, injuries or damages.

**<u>Twenty-Fourth Affirmative Defense</u>**

**(Cause in Fact)**

24. Plaintiffs' claims are barred, in whole or in part, because Plaintiffs have not alleged, and cannot prove, any facts showing Athens' conduct was the cause in fact of the imminent and substantial endangerment or violations alleged in the Complaint, or that the imminent and substantial endangerment or violations alleged therein, if any, caused costs to be incurred, injury, harm or damages.

**<u>Twenty-Fifth Affirmative Defense</u>**

**(Intervening or Superseding Cause)**

25. Plaintiffs' claims are barred, in whole or in part, because of the existence of an independent intervening or superseding cause.

**<u>Twenty-Sixth Affirmative Defense</u>**

**(Acts of Others)**

26. Plaintiffs' claims are barred, in whole or in part, because any harms allegedly suffered by Plaintiffs were directly and proximately caused and contributed to by the acts of others or the failure to act, exercise ordinary care, caution and/or prudence of persons other than Athens.

**<u>Twenty-Seventh Affirmative Defense</u>**

**(Absence of Damages)**

27. Plaintiffs' claims are barred, in whole or in part, because Plaintiffs have suffered no injury or damage or incurred any other costs as a result of Athens' alleged actions or inactions.

**Twenty-Eighth Affirmative Defense**

**(Fault of Third Parties)**

28. Plaintiffs' claims are barred, in whole or in part, on the grounds that (1) the imminent and substantial endangerment to health or the environment, if any, and any resulting costs and/or damages and/or the alleged violations were caused solely by an act or omission of a third-party; (2) the third-party's act or omission did not occur in connection with a contractual, employment or agency relationship with Athens; (3) Athens exercised due care; and (4) Athens took precautions against the third-party's foreseeable acts or omissions and the foreseeable consequences resulting therefrom.

**Twenty-Ninth Affirmative Defense**

**(Act of God or War)**

29. Plaintiffs' claims are barred, in whole or in part, on the grounds that the imminent and substantial endangerment to health or the environment, if any, and any resulting costs and/or damages and/or the alleged violations were caused solely by or the result of an act of God or act of war.

**Thirtieth Affirmative Defense**

**(No Due Process)**

30. Plaintiffs' claims are barred, in whole or in part, because Athens was denied due process under the United States Constitution.

**Thirty-First Affirmative Defense**

**(Excessive Fines)**

31. Plaintiffs' claims are barred, in whole or in part, because recovery of the fines and penalties sought by Plaintiffs is unconstitutional because such fines or penalties are excessive and in violation of, among other laws, the Excessive Fines Clause of the Eighth Amendment to the United States Constitution.

**<u>Thirty-Second Affirmative Defense</u>**

**(Equal Protection of the Law)**

32. Plaintiffs' claims are barred, in whole or in part, by the Equal Protection Clause of the United States Constitution.

**<u>Thirty-Third Affirmative Defense</u>**

**(Void for Vagueness)**

33. Plaintiffs' claims are barred, in whole or in part, because the regulations at Title 42, Sections 257 and 258 of the California Code of Regulations, both facially and as applied, are void for vagueness and thus unenforceable and otherwise do not provide a basis upon which Plaintiffs can bring a cause of action against Athens.

**<u>Thirty-Fourth Affirmative Defense</u>**

**(Lack of Standing)**

34. Plaintiffs' claims are barred, in whole or in part, because Plaintiffs lack standing to raise the claims alleged therein.

**<u>Thirty-Fifth Affirmative Defense</u>**

**(Estoppel)**

35. Plaintiffs' claims are barred, in whole or in part, by the doctrine of estoppel.

**<u>Thirty-Sixth Affirmative Defense</u>**

**(Waiver)**

36. Plaintiffs' claims are barred, in whole or in part, on the ground that, as a result of their own acts and omissions, Plaintiffs have waived any right to recover under each claim appearing in the Complaint.

**<u>Thirty-Seventh Affirmative Defense</u>**

**(Unclean Hands)**

37. Plaintiffs' claims are barred, in whole or in part, by reason of the

doctrine of unclean hands.

**Thirty-Eighth Affirmative Defense**

**(Failure to Mitigate)**

38. Plaintiffs' claims are barred, in whole or in part, because Plaintiffs, with the exercise of reasonable diligence and effort, could have mitigated the harms alleged in the Complaint, if any, and some or all of the alleged harms, if any, were directly and proximately caused by the failure, neglect and refusal of Plaintiffs to exercise reasonable diligence to mitigate the harms alleged.

**Thirty-Ninth Affirmative Defense**

**(Assumption of the Risk)**

39. Plaintiffs' claims are barred, in whole or in part, because Plaintiffs, with total appreciation of the risks involved, whether express or implied, knowingly and voluntarily assumed the risks and hazards of the harms complained of, if any, resulting therefrom.

**Fortieth Affirmative Defense**

**(Consent)**

40. Plaintiffs' claims are barred, in whole or in part, because Plaintiffs at all times gave their consent, express or implied, to any and all acts, omissions, and conduct of Athens alleged in the Complaint.

**Forty-First Affirmative Defense**

**(Unjust Enrichment)**

41. Plaintiffs' claims are barred, in whole or in part, because it would result in unjust enrichment of Plaintiffs, if successful.

**Forty-Second Affirmative Defense**

**(Laches)**

42. Plaintiffs' claims are barred, in whole or in part, by the doctrine of laches given Plaintiffs' inexcusable and unreasonable delay, which is detrimental

and substantially prejudicial to Athens.

**Forty-Third Affirmative Defense**

**(Adequate Legal Remedy)**

43. Plaintiffs' claims are barred, in whole or in part, because Plaintiffs have a plain, common, adequate and speedy remedy at law, as alleged in their state court complaints. Any and all equitable causes of action alleged in this federal RCRA Complaint are barred, in whole or in part.

**Forty-Fourth Affirmative Defense**

**(Offset)**

44. Plaintiffs' claims are barred, in whole or in part, on the ground that Athens is entitled to an offset against any liability for (1) any amounts actually paid by any person or entity other than Athens, for any of the costs and/or damages alleged in the Complaint, (2) the equitable share of the liability of any person or entity that has received or hereafter receives a release from liability or a covenant not to sue with respect to any of the injuries, costs and damages alleged in the Complaint, and (3) Plaintiffs' share of liability.

**Forty-Fifth Affirmative Defense**

**(Several Liability)**

45. Without admitting any allegations, causes of action, or theories of recovery against Athens, which are denied, if Plaintiffs' alleged harm, if any, is attributed in any way or to any extent to Athens, Athens' liability shall be allocated in direct proportion to its percentage of fault, if any.

**Forty-Sixth Affirmative Defense**

**(Attorneys' Fees Not Proper)**

46. Plaintiffs' claims are barred, in whole or in part, because there is no legal or factual basis for an award of attorneys' fees against Athens.

**<u>Forty-Seventh Affirmative Defense</u>**

**(Interest Not Proper)**

47. Plaintiffs' claims are barred, in whole or in part, because there is no legal or factual basis for an award of interest against Athens.

**<u>Forty-Eighth Affirmative Defense</u>**

**(Litigation Costs Not Proper)**

48. Plaintiffs' claims are barred, in whole or in part, because there is no legal or factual basis for an award of litigation costs against Athens.

**<u>Forty-Ninth Affirmative Defense</u>**

**(Good Faith)**

49. Plaintiffs' claims are barred, in whole or in part, as any and all actions taken by Athens were fair and reasonable and performed in good faith based on all relevant facts known to Athens at the time.

**<u>Fiftieth Affirmative Defense</u>**

**(Other Applicable Affirmative Defenses)**

50. Athens presently has insufficient knowledge or information upon which to form a belief as to whether it may have additional, as yet unstated, affirmative defenses. Athens hereby reserves the right to allege additional affirmative defenses and additional facts supporting affirmative defenses after conducting further discovery, investigation, research, and analysis.

WHEREFORE, Athens prays for judgment as follows:

1. That Plaintiffs take nothing by reason of the Complaint and that judgment be rendered in favor on Athens;

2. That Plaintiffs' claims for injunctive relief and otherwise be denied;

3. For Athens' costs of suit incurred herein; and

4. For such other and further relief as this Court may deem just and proper.

Dated: June 18, 2025

**MANATT, PHELPS & PHILLIPS, LLP**

By: /s/ *Peter Duchesneau*
Peter Duchesneau
Matthew D. Williamson
David T. Moran
*Attorneys for Defendants*
ARAKELIAN ENTERPRISES, INC. dba ATHENS SERVICES and ATHENS DISPOSAL COMPANY, INC.