CHRISTOPHER T. NIDEL (*PHV*)
chris@nidellaw.com
JONATHAN B. NACE (*PHV*)
jon@nidellaw.com
APRIL STRAUSS (SBN 163327)
april@nidellaw.com
ZACHARY A. KELSAY (*PHV*)
zach@nidellaw.com
**NIDEL & NACE, P.L.L.C.**
One Church Street, Suite 802
Rockville, MD 20850
Telephone: (202) 780-5153

MICHAEL AKSELRUD (SBN 285033)
Michael.Akselrud@LanierLawFirm.com
**THE LANIER LAW FIRM, P.C.**
2829 Townsgate Rd. Ste. 100,
Westlake Village, CA 91361
Telephone: (310) 277-5100

*Attorneys for Plaintiffs*

# UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

KRISTINA BROWN and ASHLEY MROZ,

Plaintiffs,

v.

ARAKELIAN ENTERPRISES, INC., *et al.*

Defendants.

Case No. 2:25-cv-2855-MWC-PDx

**STIPULATION AND PROTECTIVE ORDER**

DISCOVERY MATTER

IT IS HEREBY STIPULATED by and between Plaintiff Ashley Mroz and Defendants Arakelian Enterprises, Inc. dba Athens Services, Athens Disposal Company, Inc., Universal Waste Systems, LLC, California Waste Services, LLC, Sean E. Irwin, Cal-Spreading LLC, WPL Holdings, LLC, Tracy Welch, the Shin Family Trust, and Jung M. Shin (collectively, the "Parties" and individually, a "Party") through their counsel of record that in order to facilitate the exchange of information and documents which may be subject to confidentiality limitations on disclosure due to federal laws, state laws, and privacy rights, the Parties stipulate as follows:

1.     In this Stipulation and Protective Order, the words set forth below shall have the following meanings:

a.     "Proceeding" means the above-entitled proceeding, Case No. 2:25-cv-02855-MWC-PD, United States District Court, Central District of California, and any subsequent appellate proceeding.

b.     "Court" means the Hon. Michelle Williams Court, or any other judge, discovery referee, or appellate court to which this Proceeding may be assigned, including Court staff and jurors participating in such proceedings.

c.     "Confidential Materials" means any Documents, Testimony, or Information designated by a Producing Party as "Confidential" pursuant to the provisions of this Stipulation and Protective Order, including any notes or other records that may be made regarding any such Materials.  Materials may be designated as "Confidential" that contain business, financial, personal or other information, where the Producing Party has the Material in its possession, custody, or control and believes in good faith that such information is entitled to confidential treatment under applicable law.

d.     "Confidential – Attorneys' Eyes Only Materials" means any Documents, Testimony, or Information designated as "Confidential Attorneys' Eyes– Only" pursuant to the provisions of this Stipulation and Protective Order, including any notes or other records that may be made regarding any such Materials.  Materials may be designated as "Confidential – Attorneys' Eyes Only" where the Producing Party has them in its possession, custody, or control and believes in good faith that such information is highly sensitive and, if Disclosed, may cause competitive harm or could reasonably threaten significant harm to that party's business interests.

e.     "Disclose," "Disclosed," and "Disclosure" mean to reveal, divulge, give, or make available Confidential and/or Confidential – Attorneys' Eyes Only Materials, any part thereof, or any information contained therein.

2

STIPULATION AND PROTECTIVE ORDER

f.      "Documents" means (i) any "Writing," "Original," and "Duplicate" as those terms are defined by California Evidence Code Sections 250, 255, and 260, which have been produced in discovery in this Proceeding by any person, and (ii) any copies, reproductions, or summaries of all or any part of the foregoing, including without limitation any document, tangible thing, electronically stored information, testimony or other information.

g.      "Information" means the content of Documents or Testimony.

h.      "Producing Party" means a person, entity, or party that produces or otherwise provides Documents, Testimony, or Information in this Proceeding.

i.      "Testimony" means all depositions, declarations or other testimony taken or used in this Proceeding.

2.      The Producing Party shall have the right to designate as "Confidential" any Documents, Testimony, or Information produced or otherwise Disclosed by the Producing Party that the Producing Party in good faith believes to contain business, financial, personal or other information, where the Producing Party has them in its possession, custody, or control and believes in good faith that such information is entitled to confidential treatment under applicable law.

3.      The Producing Party shall have the right to designate as "Confidential – Attorneys' Eyes Only" any Documents, Testimony, or Information produced or otherwise Disclosed by the Producing Party that the Producing Party in good faith believes to contain information that is highly sensitive and, if Disclosed, may cause competitive harm or could reasonably threaten significant harm to that party's business interests.

4.      Designating a document as "Confidential" or "Confidential – Attorneys' Eyes Only" is an assertion that an attorney of record for the Producing Party reviewed the individual document or representative documents for groups and batches of common or similar documents and did not mark groups or batches of documents

STIPULATION AND PROTECTIVE ORDER

without a reasonable review to distinguish documents from those not entitled to a confidential designation.

5. The entry of this Stipulation and Protective Order does not alter, waive, modify, or abridge any right, privilege, or protection otherwise available to any Party with respect to the discovery of matters, including but not limited to any Party's right to assert the attorney-client privilege, the attorney work product doctrine, or other privileges, or any Party's right to contest any such assertion.

6. Any Documents, Testimony, or Information to be designated as "Confidential" or "Confidential – Attorneys' Eyes Only" must be clearly so designated before the Document, Testimony, or Information is Disclosed or produced. The "Confidential" or "Confidential – Attorneys' Eyes Only" designation should not obscure or interfere with the legibility of the designated Information.

a. For Documents (apart from transcripts of depositions or other pretrial or trial proceedings), the Producing Party must affix the legend "Confidential" or "Confidential – Attorneys' Eyes Only" on each page of any Document containing such designated Confidential or "Confidential – Attorneys' Eyes Only" Material.

b. For Testimony given in depositions the Producing Party may either:

i. identify on the record, before the close of the deposition, all "Confidential" or "Confidential – Attorneys' Eyes Only" Testimony, by specifying all portions of the Testimony that qualify as "Confidential" or "Confidential – Attorneys' Eyes Only"; or

ii. designate the entirety of the Testimony at the deposition as "Confidential" or "Confidential – Attorneys' Eyes Only" (before the deposition is concluded) with the right to identify more specific portions of the Testimony as to which protection is sought within 30 days following receipt of the deposition transcript. In circumstances where portions of the deposition Testimony are designated for protection, the transcript pages containing "Confidential" or

4

STIPULATION AND PROTECTIVE ORDER

"Confidential – Attorneys' Eyes Only" Information may be separately bound by the court reporter, who must affix to the top of each page the legend "Confidential," or "Confidential – Attorneys' Eyes Only" as instructed by the Producing Party.

c.      For Information produced in some form other than Documents, and for any other tangible items, including, without limitation, compact discs or DVDs, the Producing Party must affix in a prominent place on the exterior of the container or containers in which the Information or item is stored the legend "Confidential or "Confidential – Attorneys' Eyes Only."" For information not reduced to documentary or tangible form or which otherwise cannot be conveniently designated in a manner set forth above, the Producing Party shall mark such documents as "Confidential or "Confidential – Attorneys' Eyes Only" in another feasible manner and inform the other Party in writing of the manner of such designation. If only portions of the Information or item warrant protection, the Producing Party, to the extent practicable, shall identify the "Confidential" or "Confidential – Attorneys' Eyes Only" portions.

7.     The inadvertent production by a Producing Party of any Document, Testimony, or Information during discovery in this Proceeding without a "Confidential" or "Confidential – Attorneys' Eyes Only" designation, shall be without prejudice to any claim that such item is "Confidential" or "Confidential – Attorneys' Eyes Only" and such Party shall not be held to have waived any rights by such inadvertent production. In the event that any Document, Testimony, or Information that is subject to a "Confidential" or "Confidential – Attorneys' Eyes Only" designation is inadvertently produced without such designation, the Party that inadvertently produced the document shall give written notice of such inadvertent production within twenty (20) days of discovery of the inadvertent production, together with a further copy of the subject Document, Testimony, or Information designated as "Confidential" or "Confidential – Attorneys' Eyes Only" (the "Inadvertent Production Notice"). Upon receipt of such Inadvertent Production

5

STIPULATION AND PROTECTIVE ORDER

Notice, the Party that received the inadvertently produced Document, Testimony, or Information shall promptly destroy the inadvertently produced Document, Testimony, or Information and all copies thereof, or, at the expense of the Producing Party, return such together with all copies of such Document, Testimony, or Information to counsel for the Producing Party and shall retain only the "Confidential" or "Confidential – Attorneys' Eyes Only" designated Materials.  Should the receiving Party choose to destroy such inadvertently produced Document, Testimony, or Information, the receiving Party shall notify the Producing Party in writing of such destruction within ten (10) days of receipt of written notice of the inadvertent production.  This provision is not intended to apply to any inadvertent production of any Information protected by attorney-client or work product privileges.

8.    In the event that counsel for a Party receiving Documents, Testimony, or Information in discovery designated as "Confidential" or "Confidential – Attorneys' Eyes Only" objects to such designation with respect to any or all of such items, said counsel shall advise counsel for the Producing Party, in writing, of such objections, the specific Documents, Testimony, or Information to which each objection pertains, and the specific reasons and support for such objections (the "Designation Objections"). Counsel for the Producing Party shall have twenty-one (21) days from receipt of the written Designation Objections to either (a) agree in writing to de-designate Documents, Testimony, or Information pursuant to any or all of the Designation Objections or (b) file a motion with the Court seeking to uphold any or all designations on Documents, Testimony, or Information addressed by the Designation Objections (the "Designation Motion"). Pending a resolution of the Designation Motion by the Court, any and all existing designations on the Documents, Testimony, or Information at issue in such Motion shall remain in place. The Producing Party shall have the burden on any Designation Motion of establishing the applicability of its "Confidential" or "Confidential – Attorneys' Eyes Only" designation. In the event that the Designation Objections are neither timely agreed to

6

STIPULATION AND PROTECTIVE ORDER

or no Designation Motion is filed, then such Documents, Testimony, or Information shall be de-designated in accordance with the Designation Objection applicable to such material.

9.    Access to and/or Disclosure of Confidential Materials designated as "Confidential" shall be permitted only to the following persons:

a.    the Court;

b.    (1) Attorneys of record in the Proceeding and their affiliated attorneys, paralegals, clerical and secretarial staff employed by such attorneys who are actively involved in the Proceeding and are not employees of any Party; (2) In-house counsel to the undersigned Parties and the paralegal, clerical and secretarial staff employed by such counsel. Provided, however, that each non-lawyer given access to Confidential Materials shall be advised that such materials are being Disclosed pursuant to, and are subject to, the terms of this Stipulation and Protective Order and that they may not be Disclosed other than pursuant to its terms; (3) Any Party proceeding *pro se* as a self-represented litigant;

c.    those officers, directors, partners, members, employees and agents of all non- Producing Parties that counsel for such Parties deems necessary to aid counsel in the prosecution and defense of this Proceeding; provided, however, that prior to the Disclosure of Confidential Materials to any such officer, director, partner, member, employee, or agent, counsel for the Party making the Disclosure shall deliver a copy of this Stipulation and Protective Order to such person, shall explain that such person is bound to follow the terms of such Order, and shall secure the signature of such person on a statement in the form attached hereto as Exhibit A;

d.    court reporters in this Proceeding (whether at depositions, hearings, or any other proceeding);

e.    any deposition, trial or hearing witness in the Proceeding who previously has had access to the Confidential Materials, or who is currently or was

STIPULATION AND PROTECTIVE ORDER

previously an officer, director, partner, member, employee or agent of an entity that has had access to the Confidential Materials;

f.    any deposition, trial, or hearing witness in the Proceeding who previously did not have access to the Confidential Materials; provided, however, that each such witness given access to Confidential Materials shall be advised that such Materials are being Disclosed pursuant to, and are subject to, the terms of this Stipulation and Protective Order and that they may not be Disclosed other than pursuant to its terms;

g.    mock jury participants; provided, however, prior to the Disclosure of Confidential Materials to any such mock jury participant, counsel for the Party making the Disclosure shall deliver a copy of this Stipulation and Protective Order to such person, shall explain that such person is bound to follow the terms of such order, and shall secure the signature of such person on a statement in the form attached hereto as Exhibit A;

h.    outside experts or expert consultants consulted by the undersigned Parties or their counsel in connection with the Proceeding, whether or not retained to testify at any oral hearing; provided, however, that prior to the Disclosure of Confidential Materials to any such expert or expert consultant, counsel for the Party making the Disclosure shall deliver a copy of this Stipulation and Protective Order to such person, shall explain its terms to such person, and shall secure the signature of such person on a statement in the form attached hereto as Exhibit A. It shall be the obligation of counsel, upon learning of any breach or threatened breach of this Stipulation and Protective Order by any such expert or expert consultant, to promptly notify counsel for the Designating Party of such breach or threatened breach; and

i.    any other person that the Producing Party agrees to in writing.

10.    Confidential – Attorneys' Eyes Only" Materials shall be permitted only to the following persons:

a.    the Court;

8

STIPULATION AND PROTECTIVE ORDER

b.      (1) Attorneys of record in the Proceedings and their affiliated attorneys, paralegals, clerical and secretarial staff employed by such attorneys who are actively involved in the Proceedings and are not employees of any Party. (2) In-house counsel to the undersigned Parties who are directly working on and responsible for the Proceeding, provided, however, that prior to the Disclosure of Confidential – Attorneys' Eyes Only Materials to any such person, counsel for the Party making the Disclosure shall deliver a copy of this Stipulation and Protective Order to such person, shall explain its terms to such person, and shall secure the signature of such person on a statement in the form attached hereto as Exhibit B.  It shall be the obligation of counsel, upon learning of any breach or threatened breach of this Stipulation and Protective Order by any such person, to promptly notify counsel for the Producing Party of such breach or threatened breach; (3) Any Party proceeding *pro se* as a self-represented litigant;

c.      outside experts or consultants retained by the undersigned Parties or their counsel in connection with the prosecution or defense of this Proceeding, whether or not retained to testify at any oral hearing; provided, however, that prior to the Disclosure of Confidential – Attorneys' Eyes Only Materials to any such person, counsel for the Party making the Disclosure shall deliver a copy of this Stipulation and Protective Order to such person, shall explain its terms to such person, and shall secure the signature of such person on a statement in the form attached hereto as Exhibit B.  It shall be the obligation of counsel, upon learning of any breach or threatened breach of this Stipulation and Protective Order by any such person, to promptly notify counsel for the Producing Party of such breach or threatened breach;

d.      court reporters in this Proceeding (whether at depositions, hearings, or any other proceeding);

e.      mock jury participants, provided, however, that prior to the Disclosure of Confidential – Attorneys' Eyes Only Materials to any such mock jury participant, counsel for the Party making the Disclosure shall deliver a copy of this

STIPULATION AND PROTECTIVE ORDER

Stipulation and Protective Order to such person, shall explain that such person is bound to follow the terms of such Order, and shall secure the signature of such person on a statement in the form attached hereto as Exhibit B; and

f.       any other person that the Producing Party agrees to in writing.

11.    Confidential or Confidential – Attorneys' Eyes Only Materials shall be used by the persons receiving them only for the purposes of preparing for, conducting, participating in the conduct of, and/or prosecuting and/or defending the Proceeding, and not for any business or other purpose whatsoever.

12.    Any Party to the Proceeding (or other person subject to the terms of this Stipulation and Protective Order) may move the Court, after appropriate notice to the other Parties to the Proceeding, to modify or grant relief from any provision of this Stipulation and Protective Order.

13.    Entering into, agreeing to, and/or complying with the terms of this Stipulation and Protective Order shall not:

a.       operate as an admission by any person that any particular Document, Testimony, or Information marked "Confidential" or "Confidential – Attorneys' Eyes Only" contains or reflects highly sensitive information, trade secrets, proprietary, confidential or competitively sensitive business, commercial, financial, or personal information; or

b.       prejudice in any way the right of any Party (or any other person subject to the terms of this Stipulation and Protective Order):

i.       to seek a determination by the Court of whether any particular Confidential or Confidential – Attorneys' Eyes Only Material should be subject to protection as "Confidential" or "Confidential – Attorneys' Eyes Only" under the terms of this Stipulation and Protective Order; or

ii.       to seek relief from the Court on appropriate notice to all other Parties to the Proceeding from any provision(s) of this Stipulation and Protective Order, either generally or as to any particular Document, Material or Information.

10

STIPULATION AND PROTECTIVE ORDER

14.    Any party to the Proceeding who has not executed this Stipulation and Protective Order as of the time it is presented to the Court for signature may thereafter become a party to this Stipulation and Protective Order by its counsel's signing and dating a copy thereof and filing the same with the Court, and serving copies of such signed and dated copy upon the other parties to this Stipulation and Protective Order.

15.    Any Information that may be produced by a non-Party witness in discovery in the Proceeding pursuant to subpoena or otherwise may be designated by such non-Party as "Confidential" or "Confidential – Attorneys' Eyes Only" under the terms of this Stipulation and Protective Order, and any such designation by a non-Party shall have the same force and effect, and create the same duties and obligations, as if made by one of the undersigned Parties hereto.  Any such designation shall also function as a consent by such Producing Party to the authority of the Court in the Proceeding to resolve and conclusively determine any motion or other application made by any person or Party with respect to such designation, or any other matter otherwise arising under this Stipulation and Protective Order.

16.    If any person subject to this Stipulation and Protective Order who has custody of any Confidential or Confidential – Attorneys' Eyes Only Materials receives a subpoena or other process ("Subpoena") from any government or other person or entity demanding production of Confidential or Confidential – Attorneys' Eyes Only Materials, the recipient of the Subpoena shall promptly give notice of the same by electronic mail transmission, followed by either express mail or overnight delivery to counsel of record for the Producing Party, and shall furnish such counsel with a copy of the Subpoena.  Upon receipt of this notice, the Producing Party may, in its sole discretion and at its own cost, move to quash or limit the Subpoena, otherwise oppose production of the Confidential or Confidential – Attorneys' Eyes Only Materials, and/or seek to obtain confidential treatment of such Confidential or Confidential – Attorneys' Eyes Only Materials from the subpoenaing person or entity to the fullest extent available under law.  The recipient of the Subpoena may not

11

STIPULATION AND PROTECTIVE ORDER

produce any Documents, Testimony, or Information pursuant to the Subpoena prior to the date specified for production on the Subpoena.

17. Nothing in this Stipulation and Protective Order shall be construed to preclude either Party from asserting in good faith that certain Confidential or Confidential – Attorneys' Eyes Only Materials require additional protection. The Parties shall meet and confer to agree upon the terms of such additional protection.

18. If, after execution of this Stipulation and Protective Order, any Confidential or Confidential – Attorneys' Eyes Only Materials submitted by a Producing Party under the terms of this Stipulation and Protective Order is Disclosed by a non-Producing Party to any person other than in the manner authorized by this Stipulation and Protective Order, the non-Producing Party responsible for the Disclosure shall bring all pertinent facts relating to the Disclosure of such Confidential or Confidential – Attorneys' Eyes Only Materials to the immediate attention of the Producing Party.

19. This Stipulation and Protective Order is entered into without prejudice to the right of any Party to knowingly waive the applicability of this Stipulation and Protective Order to any Confidential or Confidential – Attorneys' Eyes Only Materials designated by that Party. If the Producing Party uses Confidential or Confidential – Attorneys' Eyes Only Materials in a non-Confidential manner, then the Producing Party shall advise that the designation no longer applies.

20. Where any Confidential or Confidential – Attorneys' Eyes Only Materials, or Information derived from Confidential or Confidential – Attorneys' Eyes Only Materials, is included in any motion or other proceeding governed by L.R. 79-5, the party shall follow those rules.

21. The Parties shall meet and confer regarding the procedures for use of any Confidential Materials or Highly Confidential Materials at trial and shall move the Court for entry of an appropriate order.

STIPULATION AND PROTECTIVE ORDER

22. Nothing in this Stipulation and Protective Order shall affect the admissibility into evidence of Confidential or Confidential – Attorneys' Eyes Only Materials, or abridge the rights of any person to seek judicial review or to pursue other appropriate judicial action with respect to any ruling made by the Court concerning the issue of the status of Protected Material.

23. This Stipulation and Protective Order shall continue to be binding after the conclusion of this Proceeding and all subsequent proceedings arising from this Proceeding, except that a Party may seek the written permission of the Producing Party or may move the Court for relief from the provisions of this Stipulation and Protective Order. To the extent permitted by law, the Court shall retain jurisdiction to enforce, modify, or reconsider this Stipulation and Protective Order, even after the Proceeding is terminated.

24. Upon written request made within thirty (30) days after the settlement or other termination of the Proceeding, the undersigned Parties shall have thirty (30) days to either (a) promptly return to counsel for each Producing Party all Confidential or Confidential – Attorneys' Eyes Only Materials and all copies thereof (except that counsel for each Party may maintain in its files, in continuing compliance with the terms of this Stipulation and Protective Order, all work product, and one copy of each pleading filed with the Court and one copy of each deposition together with the exhibits marked at the deposition), (b) agree with counsel for the Producing Party upon appropriate methods and certification of destruction or other disposition of such Confidential or Confidential – Attorneys' Eyes Only Materials, or (c) as to any Documents, Testimony, or other Information not addressed by sub-paragraphs (a) and (b), file a motion seeking a Court order regarding proper preservation of such Materials. To the extent permitted by law the Court shall retain continuing jurisdiction to review and rule upon the motion referred to in sub-paragraph (c) herein.

25. After this Stipulation and Protective Order has been signed by counsel for all Parties, it shall be presented to the Court for entry. Counsel agree to be bound

by the terms set forth herein with regard to any Confidential or Confidential – Attorneys' Eyes Only Materials that have been produced before the Court signs this Stipulation and Protective Order.

26.     The Parties and all signatories to the Certifications attached hereto as Exhibit A and Exhibit B agree to be bound by this Stipulation and Protective Order pending its approval and entry by the Court.  In the event that the Court modifies this Stipulation and Protective Order, or in the event that the Court enters a different Protective Order, the Parties agree to be bound by this Stipulation and Protective Order until such time as the Court may enter such a different Order.  It is the Parties' intent to be bound by the terms of this Stipulation and Protective Order pending its entry so as to allow for immediate production of Confidential or Confidential – Attorneys' Eyes Only Materials under the terms herein.

27.     This Stipulation and Protective Order may be executed in counterparts.

**APPROVED AS CONFORMING TO THE AGREEMENT OF THE PARTIES:**

DATED:  April 27, 2026          NIDEL & NACE, PLLC


By:     _/s/ Zachary Kelsay_____
Zachary Kelsay (PHV)
*Attorney for Plaintiffs*

STIPULATION AND PROTECTIVE ORDER

DATED:  April 27, 2026          MANATT, PHELPS & PHILLIPS, LLP


By: */s/  Peter  Duchesneau  (signed  with permission)*
Peter Duchesneau
*Attorneys for Defendants*
ARAKELIAN  ENTERPRISES,  INC.  D/B/A ATHENS  SERVICES,  ATHENS  DISPOSAL COMPANY, INC.

DATED:  April 27, 2026          BICK LAW, LLP


By: */s/ Tyler Alexander (signed with permission)*
Tyler Alexander
*Attorneys for Defendants*
UNIVERSAL WASTE SYSTEMS, LLC

DATED:  April 27, 2026          MNK LAW


By:          */s/ Nishita Patel (signed with permission)*
Mohammad N. Khan
*Attorney for Defendant*
CALIFORNIA WASTE SERVICES, LLC

DATED:  April 27, 2026          FROST LLP


By:*/s/ Nicholas Lauber (signed with permission)*
Nicholas Lauber
*Attorney for Defendant*
ORGANIC ENERGY SOLUTIONS

STIPULATION AND PROTECTIVE ORDER

DATED:  April 27, 2026          DINSMORE AND SHOHL, LLP


By:*/s/ Jeffrey Witham (signed with permission)*
    Jeffrey Witham
    *Attorney for Defendant*
    WPL HOLDINGS, LLC

DATED:  April 27, 2026          LAW OFFICE OF JENNIFER F. NOVAK


By:*/s/ Demetria Mantalis (signed with permission)*
    Demetria Mantalis
    *Attorney for Defendants*
    CAL-SPREADING, LLC and SEAN E. IRWIN

DATED:  April 27, 2026          STILES POMEROY, LLP


By:*/s/ Michael Stiles (signed with permission)*
    Michael Stiles
    *Attorney for Defendants*
    THE SHIN FAMILY TRUST AND JUNG M. SHIN


DATED:  April 27, 2026


By:*/s/ Tracy Welch (signed with permission)*
    Tracy Welch
    *Pro Se Defendant*

FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.

DATED: April 27, 2026

HON. PATRICIA DONAHUE
United States Magistrate Judge

16
STIPULATION AND PROTECTIVE ORDER

## EXHIBIT A

### CERTIFICATION RE CONFIDENTIAL DISCOVERY MATERIALS

I hereby acknowledge that I, _____[NAME], _____ [POSITION AND EMPLOYER], am about to receive Confidential Materials supplied in connection with the Proceeding, Case No. 2:25-cv-02855-MWC-PD, United States District Court, Central District of California. I certify that I understand that the Confidential Materials are provided to me subject to the terms and restrictions of the Stipulation and Protective Order filed in this Proceeding.  I have been given a copy of the Stipulation and Protective Order; I have read it, and I agree to be bound by its terms.  I understand that Confidential Materials, as defined in the Stipulation and Protective Order, including any notes or other records that may be made regarding any such materials, shall not be Disclosed to anyone except as expressly permitted by the Stipulation and Protective Order.  I will not copy or use, except solely for the purposes of this Proceeding, any Confidential Materials obtained pursuant to this Protective Order, except as provided therein or otherwise ordered by the Court in the Proceeding.  I further understand that I am to retain all copies of all Confidential Materials provided to me in a secure manner, and that all copies of such Materials are to remain in my personal custody until termination of my participation in this Proceeding, whereupon I will provide all  copies of such Materials to counsel who provided me with them.

//

//

//

//

//

//

//

17

STIPULATION AND PROTECTIVE ORDER

I declare under penalty of perjury, under the laws of the State of California, that the foregoing is true and correct.

DATED: _____

By: _____
      Signature

_____
Title

_____
Address

_____
City, State, Zip

_____
Telephone

18

STIPULATION AND PROTECTIVE ORDER

**EXHIBIT B**

**CERTIFICATION RE CONFIDENTIAL – ATTORNEYS' EYES ONLY**

**DISCOVERY MATERIALS**

I hereby acknowledge that I, _____[NAME], _____ [POSITION AND EMPLOYER], am about to receive Confidential – Attorneys' Eyes Only Materials supplied in connection with the Proceeding, Case No. 2:25-cv-02855-MWC-PD, United States District Court, Central District of California.  I certify that I understand that the Confidential – Attorneys' Eyes Only Materials are provided to me subject to the terms and restrictions of the Stipulation and Protective Order filed in this Proceeding.  I have been given a copy of the Stipulation and Protective Order; I have read it, and I agree to be bound by its terms.  I understand that Confidential – Attorneys' Eyes Only Materials, as defined in the Stipulation and Protective Order, including any notes or other records that may be made regarding any such materials, shall not be Disclosed to anyone except as expressly permitted by the Stipulation and Protective Order.  I will not copy or use, except solely for the purposes of this Proceeding, any Confidential – Attorneys' Eyes Only Materials obtained pursuant to this Protective Order, except as provided therein or otherwise ordered by the Court in the Proceeding.  I further understand that I am to retain all copies of all Confidential – Attorneys' Eyes Only Materials provided to me in a secure manner, and that all copies of such Materials are to remain in my personal custody until termination of my participation in this Proceeding where upon I will provide all copies of such Materials to counsel who provided me with them.

//

//

//

//

//

//

19

STIPULATION AND PROTECTIVE ORDER

I declare under penalty of perjury, under the laws of the State of California, that the foregoing is true and correct.

DATED: _____

By: _____
     Signature


_____
Title


_____
Address


_____
City, State, Zip


_____
Telephone

20

STIPULATION AND PROTECTIVE ORDER