MANATT, PHELPS & PHILLIPS, LLP
Peter R. Duchesneau (Bar No. CA 168917)
pduchesneau@manatt.com
David T. Moran (Bar No. CA 217647)
dmoran@manatt.com
Thomas A. Whittington (Bar No. CA 355949)
TWhittington@manatt.com
2049 Century Park East, Suite 1700
Los Angeles, CA 90067
Telephone: (310) 312-4000
Facsimile: (310) 312-4224

Douglas J. Smith (Bar No. DC 1028963)
djasmith@manatt.com
1700 M Street NW, 4th Floor
Washington, D.C. 20036
Telephone: (202) 585-6500
Facsimile: (202) 585-6600

*Attorneys for Defendants*
ARAKELIAN ENTERPRISES, INC. DBA ATHENS SERVICES and ATHENS DISPOSAL COMPANY, INC.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA – WESTERN

| | |
|---|---|
| KRISTINA BROWN and ASHLEY MROZ,<br><br>Plaintiffs,<br><br>v.<br><br>ARAKELIAN ENTERPRISES, INC. et al.,<br><br>Defendants. | Case No. 2:25-cv-2855-MWC-PD<br>Hon. Michelle Williams Court<br><br>**DECLARATION OF DOUGLAS J. SMITH IN SUPPORT OF DEFENDANTS ARAKELIAN ENTERPRISES, INC. AND ATHENS DISPOSAL COMPANY, INC.'S MOTION FOR SUMMARY JUDGMENT**<br><br>[Filed Concurrently with Notice of Motion and Motion for Summary Judgment; MP&As; Separate Statement of Uncontroverted Facts; Declaration of Jennifer Eernisse; Declaration of Enrique Gonzalez; Declaration of Samantha Winkle; and [Proposed] Order]<br><br>Hearing Date: November 6, 2026<br>Time: 1:30 p.m.<br>Location: Courtroom 6A<br><br>Date Filed April 3, 2025<br>Trial Date: February 8, 2027 |

**DECLARATION OF DOUGLAS J. SMITH**

I, Douglas J. Smith, declare as follows:

1. I am an attorney admitted to practice before this Court *pro hac vice*. I am an associate at Manatt, Phelps & Phillips, LLP, counsel of record for Defendants Arakelian Enterprises, Inc. dba Athens Services and Athens Disposal Company, Inc. (collectively "Athens") in this action. I submit this Declaration in support of Athens' Motion for Summary Judgment. I have personal knowledge of the facts set forth in this Declaration, and, if called upon as a witness, I could and would competently testify thereto under oath.

2. ***Meet-and-Confer / L.R. 7-3 Compliance***. On September 4, 2026, I emailed counsel for Plaintiffs a detailed list of subsidiary legal and factual issues we believed could be resolved or narrowed without briefing in the Motion. Other defendants sent similar emails. Plaintiffs did not respond in writing to the issues specifically but scheduled a meet-and-confer.

3. On September 8, 2026, counsel for Defendants and Plaintiffs held a meet-and-confer before the deposition of Lehong Chow. We discussed the substance of Defendants' anticipated motions for summary judgment for about a half hour. In that discussion, Plaintiffs' counsel refused to concede a lack of evidence on any of the EPA open dumping regulations at 40 C.F.R. § 257.3, on whether any violation was "wholly past" under *Gwaltney*, and on whether Plaintiffs' had shown an imminent and substantial endangerment to human health or the environment. Plaintiffs' counsel, Zachary Kelsay, requested specific authorities to consider.

4. The next day, I sent a follow-up email with specific citations and authorities showing Plaintiffs' failure to advance competent summary judgment evidence sufficient to meet their *prima facie* obligation on a violation of EPA's regulations for (1) *id*. § 257.3-2 – Endangered Species; (2) *id*. § 257.3-3 – Surface Water; (3) *id*. § 253.3-4 – Groundwater; (4) *id*. § 257.3-6 – Disease; (5) *id*. § 257.3-8 – Safety. Plaintiffs' counsel did not respond.

5. ***Authentication***. Attached to this Declaration are only the specific items of

evidence necessary to support Athens' Motion for Summary Judgment. Where the supporting evidence is contained within a larger document, only the specifically cited portions are attached. I can attest to the accuracy of the copies attached to this Declaration. The exhibits are as follows:

6. Attached and marked as **Exhibit 1** is a true and correct copy of the relevant excerpt of the deposition of Kristina Brown, dated July 29, 2026.

7. Attached and marked as **Exhibit 2** is a true and correct copy of the relevant excerpt of the deposition of Kristina Brown, dated July 30, 2026.

8. Attached and marked as **Exhibit 3** is a true and correct copy of the relevant excerpt of the deposition of Ashley Mroz, Vol. I, dated July 6, 2026.

9. Attached and marked as **Exhibit 4** is a true and correct copy of the relevant excerpt of the deposition of Sean Irwin, Vol. I, dated April 30, 2026.

10. Attached and marked as **Exhibit 5** is a true and correct copy of the relevant excerpt of the deposition of Sean Irwin, Vol. III, dated August 14, 2026.

11. Attached and marked as **Exhibit 6** is a true and correct copy of the relevant excerpt of the deposition of Reece Hammer, dated August 6, 2026.

12. Attached and marked as **Exhibit 7** is a true and correct copy of the relevant excerpt of the deposition of Tracy Welch, Vol. I, dated May 29, 2026.

13. Attached and marked as **Exhibit 8** is a true and correct copy of the relevant excerpt of the deposition of Tracy Welch, Vol. II, dated July 9, 2026.

14. Attached and marked as **Exhibit 9** is a true and correct copy of the relevant excerpt of the deposition of Enrique Gonzalez, dated August 7, 2026.

15. Attached and marked as **Exhibit 10** is a true and correct copy of the relevant excerpt of the deposition of Jung M. Shin, dated August 4, 2026.

16. Attached and marked as **Exhibit 11** is a true and correct copy of the relevant excerpt of the deposition of Weena Dalby, dated September 9, 2026.

17. Attached and marked as **Exhibit 12** is a true and correct copy of the relevant

excerpt of the deposition of Lehong Chow, dated September 8, 2026.

18. Attached and marked as **Exhibit 13** is a true and correct copy of the relevant excerpt of the deposition of Rene A. Perez, dated September 10, 2026.

19. Attached and marked as **Exhibit 14** is a true and correct copy of the relevant excerpt of the deposition of Ashley Mroz, Vol. II, dated August 11, 2026.

20. Attached and marked as **Exhibit 15** is a true and correct copy of Expert Report of Rene A. Perez, PG, CHG (Earth Forensics, Inc.) ("Perez Report").

21. Attached and marked as **Exhibit 16** is a true and correct copy of Expert Report of Tim Sturtz, Ph.D. (ESA) ("Sturtz Report").

22. Attached and marked as **Exhibit 17** is a true and correct copy of Rebuttal Expert Report of John D. Cain ("Cain Rebuttal").

23. Attached and marked as **Exhibit 18** is a true and correct copy of Plaintiffs' Expert Report of Lehong Chow and Weena Dalby ("Chow/Dalby Report").

24. Attached and marked as **Exhibit 19** is a true and correct copy of Rebuttal Expert Report of Gregory C. Ainsworth ("Ainsworth Rebuttal").

25. Attached and marked as **Exhibit 20** is a true and correct copy of Expert Report of Adam H. Love, Ph.D. ("Love Report").

26. Attached and marked as **Exhibit 21** is a true and correct copy of Rebuttal Expert Report of Debra C. Darby ("Darby Rebuttal").

27. Attached and marked as **Exhibit 22** is a true and correct copy of Athens' Further Supplemental Response to Brown's First Interrogatories (Aug. 14, 2026).

28. Attached and marked as **Exhibit 23** is a true and correct copy of Kristina Brown's Responses to Interrogatory No. 18.

29. Attached and marked as **Exhibit 24** is a true and correct copy of Ashley Mroz's Responses to Interrogatory No. 16.

30. Attached and marked as **Exhibit 25** is a true and correct copy of Ashley Mroz's Responses to Interrogatory No. 18.

31. Attached and marked as **Exhibit 26** is a true and correct copy of Reece Hammer email, dated April 22, 2025, produced by Athens as ATHENS034915–ATHENS034916 and marked by Plaintiffs as Exhibit 20 to his deposition.

32. Attached and marked as **Exhibit 27** is a true and correct copy of emails from Los Angeles County, produced by Plaintiffs as Brown000031.

33. Attached and marked as **Exhibit 28** is a true and correct copy of a spreadsheet prepared by Los Angeles County documenting roughly 70 suspected sites identified, produced by Plaintiffs as Brown000225.

34. Attached and marked as **Exhibit 29** is a true and correct copy of LAC-FD000015, which was obtained by Athens via subpoena issued to the Los Angeles County Fire Department.

35. Attached and marked as **Exhibit 30** is a true and correct copy of LAC-FD000005, which was obtained by Athens via subpoena issued to the Los Angeles County Fire Department.

36. Attached and marked as **Exhibit 31** is a true and correct copy of Plaintiffs' Notice of Intent to Sue, December 3, 2024, produced by Plaintiffs as BROWN006934.

37. Attached and marked as **Exhibit 32** is a true and correct copy of Expert Rebuttal Report of Tim Sturtz, Ph.D. ("Sturtz Rebuttal").

38. Attached and marked as **Exhibit 33** is a true and correct copy of Expert Rebuttal Report of Adam H. Love, Ph.D. ("Love Rebuttal").

39. Attached and marked as **Exhibit 34** is a true and correct copy of Expert Report of Debra C. Darby ("Darby Report").

40. Attached and marked as **Exhibit 35** is a true and correct copy of Expert Rebuttal Report of Rene A. Perez, PG, CHG. ("Perez Rebuttal").

41. Attached and marked as **Exhibit 36** is a true and correct copy of Expert Report of John D. Cain. ("Cain Report.")

I declare under penalty of perjury under the laws of the United States of America that

the foregoing is true and correct.

Executed on September 18, 2026, in Alexandria, Virginia.

Douglas J. Smith