MANATT, PHELPS & PHILLIPS, LLP
Peter R. Duchesneau (Bar No. CA 168917)
pduchesneau@manatt.com
David T. Moran (Bar No. CA 217647)
dmoran@manatt.com
Thomas A. Whittington (Bar No. CA 355949)
TWhittington@manatt.com
2049 Century Park East, Suite 1700
Los Angeles, CA 90067
Telephone: (310) 312-4000
Facsimile: (310) 312-4224

Douglas J. Smith (*pro hac vice*)
djasmith@manatt.com
1700 M Street NW, 4th Floor
Washington, D.C. 20036
Telephone: (202) 585-6500
Facsimile: (202) 585-6600

*Attorneys for Defendants*
ARAKELIAN ENTERPRISES, INC. DBA ATHENS SERVICES and ATHENS DISPOSAL COMPANY, INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA – WESTERN

KRISTINA BROWN and ASHLEY MROZ,

Plaintiffs,

v.

ARAKELIAN ENTERPRISES, INC. et al.,

Defendants.

Case No. 2:25-cv-2855-MWC-PD
Judge: Hon. Michelle Williams Court

**DECLARATION OF JENNIFER EERNISSE IN SUPPORT OF DEFENDANTS ARAKELIAN ENTERPRISES, INC. AND ATHENS DISPOSAL COMPANY, INC.'S MOTION FOR SUMMARY JUDGMENT**

[Filed Concurrently with Notice of Motion and Motion for Summary Judgment; MP&As; Separate Statement of Uncontroverted Facts; Declaration of Douglas J. Smith; Declaration of Enrique Gonzalez; Declaration of Samantha Winkle; and [Proposed] Order]

| | |
|---|---|
| Hearing Date: | November 6, 2026 |
| Time: | 1:30 p.m. |
| Location: | Courtroom 6A |
| Date Filed: | April 3, 2025 |
| Trial Date: | February 8, 2027 |

# DECLARATION OF JENNIFER EERNISSE

I, Jennifer Eernisse, declare as follows:

1. I am employed by Defendant Arakelian Enterprises, Inc. dba Athens Services ("Athens") as Senior Director of Audit for Athens Services. I have been employed by Athens since February 19, 2024. My responsibilities include overseeing internal audits, compliance reviews, investigations, data analysis, and other matters related to evaluating and validating business records, operational processes, and regulatory compliance across the organization.

2. I hold a Master of Business Administration (MBA) degree and am a Certified Internal Auditor (CIA), Certified Fraud Examiner (CFE), and Certified in Cybersecurity (CC).

3. Unless otherwise stated, I have personal knowledge of the facts set forth in this declaration, and, if called upon as a witness, I could and would competently testify thereto under oath.

4. In connection with this matter, I prepared an Excel Spreadsheet (ATHENS036075), which is a table of scale ticket data maintained in Athens Services' ScalePak system. The table contains a listing of dates of deliveries and tonnage, among other information, for Athens shipments to the Three Points, Irwin, WPL and New West Tractor Sites and a summary table. A true and correct copy of the summary table of the Excel Spreadsheet is attached hereto as Exhibit 1.

5. ScalePak is Athens Services' system of record for tracking materials entering and leaving its facilities. The information contained in ScalePak is maintained in the ordinary course of business.

6. To prepare the scale ticket summary, I worked with Athens Services' Information Technology Department to define the parameters necessary to extract the relevant data from ScalePak into a Tableau database. The parameters included: (1) material types classified as "Beneficial Reuse" by Crown Recycling (Crown) and "Landscape

Mulch" by American Organics; (2) a ten-year lookback period; (3) customer information to identify shipments associated with CalSpreading, New West Tractor, and Woody's Organics; and (4) destination information identifying the locations to which shipments were delivered.

7. For tickets associated with CalSpreading, Athens operations used "Cal Spreading" as the destination designation rather than identifying the specific delivery location. As a result, the ScalePak data did not distinguish between deliveries made to the various CalSpreading-related sites (i.e., Three Points, Irwin and Kern). To allocate deliveries to CalSpreading sites, I relied on information provided by facility leadership, including Enrique Gonzalez, regarding the timing of the transition between CalSpreading locations. Based on that information, I used December 15, 2023, as the date on which deliveries transitioned from the Three Points Site to the Irwin Site for purposes of preparing the scale ticket summary.

8. Using the foregoing search parameters, I also reviewed the data for records concerning the Kern Site. No scale ticket data, customer records, or destination information identifying the Kern Site were located in the ScalePak data extracted for this analysis. I reviewed portions of the deposition testimony of the operator of CalSpreading, Sean Irwin, of August 14, 2026 (Volume 3), indicating that he redirected Irwin Site shipments to the Kern Site on February 16 or 18, 2024 for approximately "two weeks, and then Crown made the decision to just stop bringing the material out to me completely." If that is accurate, it would not change the last shipment date from Crown. Instead, shipments in Exhibit 1 from February 16 or 18, 2024 to February 28, 2024 to the Irwin Site would instead be attributed to the Kern Site. However, all shipments to CalSpreading ended on February 28, 2024.

9. After the data was extracted, the scale ticket information was reconciled to customer invoices as a validation procedure. The reconciliation identified only minimal variances between the tonnages reflected in the scale ticket data and the tonnages billed from customers. The results of the reconciliation provided assurance that the dataset was

substantially complete and accurate. The invoices further confirmed that shipments ended as set forth in Exhibit 1.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct. Executed on September 18, 2026 at Los Angeles, CA.

Jennifer Eernisse