Jeffrey Witham (116392)
jeffrey.witham@dinsmore.com
Quinn Gardner (345496)
quinn.gardner@dinsmore.com
DINSMORE & SHOHL LLP
550 S. Hope Street, Suite 2800
Los Angeles, CA 90071
Tel: (213) 335-7737
Fax: (213) 335-7740

Brian W. Boyd (Pro Hac Vice)
Brian.Boyd@dinsmore.com
DINSMORE & SHOHL LLP
755 West Big Beaver Road, Suite 1900
Troy, Michigan 48084
Tel: (248) 203-1622
Fax: (248) 647-5210

Attorneys for Attorneys Defendant
WPL Holdings, LLC

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| KRISTINA BROWN and ASHLEY MROZ,<br><br>Plaintiffs.<br>v.<br><br>ARAKELIAN ENTERPRISES, INC. d/b/a ATHENS SERVICES, ET AL.<br><br>Defendants. | Case No.: 2:25-cv-2855-MWC-PD<br><br>**DEFENDANT WPL HOLDINGS, LLC'S NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT; MEMORANDUM OF POINTS OF AUTHORITIES**<br><br>Date: November 6, 2026<br>Time: 1:30 PM<br>Courtroom 6A<br><br>Judge: Hon. Michelle Williams Court<br>Mag. Judge: Hon. Patricia Donahue |

**TO THE HONORABLE MICHELLE WILLIAMS COURT, PLAINTIFFS KRISTINA BROWN AND ASHLEY MROZ, AND THEIR COUNSEL FOR RECORD, AND DEFENDANT TRACY WELCH.**

**NOTICE IS HEREBY GIVEN** that, on November 6, 2026, in the Courtroom 6A of the above-entitled court, Defendant / Third-Party Plaintiff WPL Holdings, LLC ("WPL"), will and hereby does move ("Motion"), pursuant to Rule 56 of the Federal Rules of Civil Procedure ("Rules"), for summary adjudication against Defendant / Third-Party Defendants Tracy Welch ("Welch") on all counts in the Third-Party Complaint filed by WPL [Dkt. 88].

Specifically, the WPL seeks an order finding and directing as follows:

1. The Motion is granted;
2. Adequate notice of the Motion was given;
3. Judgment is entered in favor of WPL and against Welch on the indemnity counts in the Third-Party Complaint filed by WPL;
4. Welch has no defense to WPL's indemnity claims in the Third-Party Complaint under applicable law; and,
5. For such other and further relief as the Court deems just and proper.

**NOTICE IS FURTHER GIVEN** that the Motion is supported by (a) this Notice of Motion and Motion, (b) the attached Memorandum of Points and Authorities, (c) the concurrently filed and lodged Statement of Undisputed Facts and Statement of Genuine Issues in support of WPL's Motion for Summary Judgment, (d) the arguments of counsel, if any, in support of the Motion at the hearing thereon, (e) the entire record of this Civil Action, (f) any other matters of which the Court may take judicial notice, and (g) any other evidence properly presented to the Court in support of the Motion.

**NOTICE IS FURTHER GIVEN** that, pursuant to pursuant to Paragraph 9(k) of the Court's Standing Civil Order, any party who opposes the Motion must, no later than twenty-one (21) days before the date designated for the hearing on the Motion, file and serve a response and a separate Statement of Genuine Issues identifying each

material fact that is disputed and citing the particular portions of any pleading, affidavit, deposition, interrogatory, answer, admission, or other document relied on to establish the dispute and the existence of a genuine issue precluding summary judgment.

**NOTICE IS FURTHER GIVEN** that, pursuant to the Paragraph 9(k)(ii) of the Court's Standing Civil Order, the opposing party is responsible for filing with the Court all necessary evidentiary documents cited in responding papers according to Paragraph 9(k) of the Court's Standing Civil Order.

Dated: September 18, 2026

DINSMORE & SHOHL LLP

By: *<u>/s/ Jeffrey R. Witham</u>*
Jeffrey R. Witham
Attorneys Defendant WPL Holdings, LLC

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION

Tracy Welch agreed to defend and indemnify WPL Holdings LLC's ("WPL") WPL's sole involvement in this case is the simple fact that it sold a parcel of land to Welch on land contract. Plaintiffs filed claims alleging RCRA violations concerning material applied and spread on land defined by Plaintiffs as the "WPL Site."

Because Welch—not WPL Holdings—was responsible for causing any of the at-issue material to be delivered, applied, and spread on the WPL Site, WPL filed a Third-Party Complaint for breach of contract and indemnity against Welch.

WPL now moves for summary judgment based on Counts One and Two of its complaint against Welch for breach of the Installment Purchase Agreement between them. Section 22(C) of that Agreement required Welch to indemnify and defend WPL, including in this case. Welch has ignored her contractual and legal obligations to WPL in this case. She did not agree to WPL's tender of defense and has caused WPL to needlessly incur substantial costs and fees in defending this case—all in violation of Welch's ongoing duty to defend WPL. WPL, for its part, has not breached the Agreement.

At her deposition, Welch admitted that she is bound by the Agreement, including its indemnity and defense provisions. She further admitted that she failed to defend WPL in this litigation. According to Welch's own testimony, there is no dispute that she breached her Agreement with WPL. WPL is entitled to summary judgment and payment of its defense fees and costs.

Relatedly, if any cleanup obligations are imposed against WPL concerning the parcel sold to Welch, additional costs would befall WPL. Welch is responsible for those, too. Summary judgment is appropriate on that claim as well.

WPL is entitled to judgment as a matter of law as to Counts One and Two of its complaint against Welch for breach of contract.

/ / /

## II. STATEMENT OF FACTS

**BACKGROUND**

WPL, the true name of which is Discount Lots, LLC, purchases parcels of vacant land and offers those parcels for sale on an installment basis to potential landowners. The practical effect of this business model allows WPL to provide a path to landownership to many individuals who would otherwise experience difficulties obtaining financing. WPL does not facilitate, assist, or otherwise provide guidance to a buyer. It is simply a buyer and seller of vacant land.

**WELCH PURCHASED THE WPL SITE ON INSTALLMENT**

WPL acquired a parcel of vacant land identified by Assessor's Parcel Number ("APN") 3091-014-002 (referred to in the Amended Complaint as the "WPL Site" and referred to herein as the "Parcel") on January 11, 2020. Declaration of Paul Herskovitz, ¶ 4; Statement of Undisputed Fact No. 1. Two months later, on March 12, 2020, WPL entered into an Installment Purchase Agreement (the "Agreement") with Tracy Welch ("Welch"), which set forth pertinent terms for Welch to purchase the Parcel on an installment basis. Decl. of Paul Herskovitz, ¶ 5, and **Exhibit A** thereto at p. 1; Statement of Undisputed Fact No. 2-3.

Section 3 of the Agreement provides that Welch purchased the Parcel on an "as-is" basis and WPL "expressly disclaim[ed the] warranties of merchantability and fitness for a particular purpose." Decl. of Paul Herskovitz, ¶ 5, and **Exhibit A** thereto at p. 1: Statement of Undisputed Fact No. 4. The Agreement, at Section 4, further disclaimed any representations regarding the condition of the Parcel, to wit:

> **UTILITIES:** The present condition of all utility access to the property is accepted by Buyer. Seller is not aware of the existence of any wetlands, shoreland, or flood plain on or affecting the real property accept as follows: None. Seller knows of no hazardous substances or petroleum products having been placed, stored, or released from or on the real property by any person in violation of any law, nor of any underground storage tanks having been located on the real property at any time, except as follows: None.

Decl. of Paul Herskovitz, ¶ 5, and **Exhibit A** thereto at p. 2; Statement of Undisputed Fact No. 5-6.

Pursuant to Section 22(B) of the Agreement, Welch agreed "not to bring, use, store or discharge any hazardous substances or petroleum products in, on, under or about the [Parcel]" and that she "will comply with all applicable laws relating to the [Parcel] and/or use of the [Parcel]." Decl. of Paul Herskovitz, ¶ 5, and **Exhibit A** thereto at p. 6; Statement of Undisputed Fact No. 8-9.

The Agreement, at Section 22(C) also obligated Welch to indemnify and defend WPL against any claims which may arise out of Welch's use and access of the Parcel.

> Buyer hereby releases and forever indemnifies Seller and all other persons, employees, officers, managers, firms and corporations of Seller from all claims and demands, rights and causes of action of any kind which may hereafter arise as a result of, or on account of, to indemnify, defend and save harmless Seller and all other persons, employees, officers, managers, firms and corporations of Seller from and against all claims and demands whatsoever of or in any way growing out of, or as a result of Buyer's access or use of the Property. This Agreement expresses a full and complete RELEASE of liability regardless of the cause.

Decl. of Paul Herskovitz, ¶ 6, and **Exhibit A** thereto at p. 6; Statement of Undisputed Fact No. 10-12. Welch admits that Section 22(C) of the Agreement requires her to step in the shoes of WPL and indemnify and defend them should any claim against them arise out of her use and access of the Parcel. *Deposition of Tracy Welch*, at p. 69:6-10 Statement of Undisputed Fact No. 12. A true and accurate copy of applicable portions of the deposition of Tracy Welch is attached as **Exhibit A** hereto. Welch admits that failure to do so what be in violation of the Agreement. *Dep. of Tracy Welch*, at p. 69:14-18; Statement of Undisputed Fact No. 13. This obligation existed regardless of whether she was "in the wrong" or not. *Dep. of Tracy Welch*, at p. 69:20-71:13; Statement of Undisputed Fact No. 14. Welch further admits that these indemnity and defense obligations to WPL extended to the instant litigation. *Dep. of Tracy Welch*, at p. ¶ 3; Statement of Undisputed Fact No. 15.

Welch affixed her electronic signature on the Agreement March 30, 2020. She admits that she agreed to be bound by the terms and conditions set forth in it. Decl. of Paul Herskovitz at ¶ 5, and **Exhibit A** thereto at p. 6; *Dep. of Tracy Welch*, at p. 53:2-4; Statement of Undisputed Fact No. 16-17. Welch had no other business dealings with WPL / Discount Lots beyond the purchase the Parcel. *Dep. of Tracy Welch*, at pp. 38:6-13; Statement of Undisputed Fact No. 18.

**WELCH SPREAD LAND APPLICATION MATERIAL ON THE PARCEL**

Welch purchased the Parcel from WPL Holdings to "become a grower of flowers." *Dep. of Tracy Welch*, at p. 38:18-24; Statement of Undisputed Fact No. 19. Welch intended to use the Parcel to grow lavender and olive trees. *Dep. of Tracy Welch*, at p. 42:10-43:3; Statement of Undisputed Fact No. 20. Welch admitted that no one from WPL / Discount Lots told her to use the Parcel as an olive or lavender farm. *Dep. of Tracy Welch*, at p. 47:1-7; Statement of Undisputed Fact No. 21. Nor, crucially, did Welch communicate in any way her intention to grow lavender or olive trees on the Parcel with WPL. *Dep. of Tracy Welch*, at p. 46:23-47:7; Statement of Undisputed Fact No. 22.

In late 2020, Welch began to prepare the Parcel to facilitate her proposed agricultural purposes. *Dep. of Tracy Welch*, p. 83:3-8; Statement of Undisputed Fact No. 23. To facilitate this process, Welch began receiving shipments of land application material to the Parcel and purchased equipment to prepare the land for cultivation. *Dep. of Tracy Welch*, at p. 83:10-84:4; Statement of Undisputed Fact No. 24. Welch denied ever bringing construction and demolition ("C&D") debris or garbage, trash, or refuse onto to the Parcel. *Dep. of Tracy Welch*, at p. 92:12-22; Statement of Undisputed Fact No. 25. Welch received the land application material exclusively from American Organics and the wood chips from Los Angeles County. *Dep. of Tracy Welch*, at p. 95:18-96:9; Statement of Undisputed Fact No. 26. Welch admitted that the purpose of bringing all of these materials to the Parcel was to prepare the land for agriculture. *Deposition of Tracy Welch*, at p. 107:9-11; Statement of Undisputed Fact No. 27. Those

materials are what Plaintiffs allege to violate RCRA.

Welch further admitted:

(1) none of these materials were on the Parcel prior to Welch taking possession pursuant to the Agreement;

(2) she never told WPL / Discount Lots that she was having any of these materials delivered to the Parcel;

(3) that WPL did not ask her to place any of these materials on the Parcel;

(4) that none of these materials were delivered to the Parcel at the direction of WPL;

(5) that she alone caused the materials to be delivered to the Parcel;

(6) that WPL relationship with Welch was limited solely to the terms set forth in the Agreement;

(7) that there would be no reason for WPL to be involved in her decision to bring these materials onto the Parcel;

(8) that WPL had no reason to believe that any of these materials were on the Parcel; and

(9) that no one from WPL played any role in her decision to bring these materials onto the Parcel. *Dep. of Tracy Welch*, at pp. 109:20-111:26, 119; Statement of Undisputed Fact No. 28-36. Welch admitted that she took no action to make WPL aware that she was bringing any of these materials onto the Parcel. *Dep. of Tracy Welch*, at p. 119:4-8; Statement of Undisputed Fact No. 37. Welch alone caused all of these materials to be brought to the Parcel. *Dep. of Tracy Welch*, at p. 120:18-21; Statement of Undisputed Fact No. 38.

**WELCH BREACHED HER DEFENSE AND INDEMNITY OBLIGATIONS**

Plaintiffs Kristina Brown ("Brown") and Ashley Mroz ("Mroz") (collectively referred to as "Plaintiffs") initiated this RCRA citizen suit on April 3, 2025. [Dkt. 1]. On December 19, 2025, Plaintiffs filed a First Amended Complaint. [Dkt. 199]. The First Amended Complaint asserted claims against WPL arising solely out of the Parcel

and did not identify any other parcels connected to WPL for any alleged violations of RCRA. [Dkt. 199, at ¶ 46].

Welch's defense and indemnity obligations under the Agreement were triggered by the filing of the Complaint. In a letter dated April 10, 2025, WPL formally demanded Welch indemnify and defend WPL in connection with this case pursuant to the express terms of the Agreement. Decl. of Paul Herskovitz at ¶ 8-9, and **Exhibit B** thereto; Statement of Undisputed Fact No. 38. Welch responded on April 24, 2025 in a correspondence contesting the merits of Plaintiffs' claims, but otherwise not accepting WPL's tender of defense in this matter. Decl. of Paul Herskovitz at ¶ 10-11, and **Exhibit C** thereto; Statement of Undisputed Fact No. 39. At her deposition, Welch admitted that she did not agree to defend WPL Holdings following receipt of the April 10, 2025 letter. *Dep. of Tracy Welch*, at p. 156:1-10; Statement of Undisputed Fact No. 40. Welch has not otherwise agreed to indemnify or accept WPL's tender of defense in the intervening months. Decl. of Paul Herskovitz at ¶ 12. To date, she has refused to indemnify or defend WPL in connection with this litigation. Decl. of Paul Herskovitz at ¶ 12; Statement of Undisputed Fact No. 41.

## III. LEGAL STANDARD

Summary judgment is appropriate if the party moving for summary judgment shows that there is no dispute as to any material fact and that it is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). The moving party has the burden of establishing the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Material facts are those that affect the outcome of the proceedings. *Speier v. Argent Mgmt., LLC (In re Palmdale Hills Prop.)*, 2017 Bankr. LEXIS 2163, at * 30 (Cal. C.D. Bankr. Aug. 2, 2017) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). A factual dispute is genuine where the evidence is such that a reasonable jury could return a verdict for the non-moving party. *Anderson*, 477 U.S. at 248.

/ / /

If the moving party meets its initial burden, the opposing party must set out specific facts showing a genuine issue for trial; otherwise, the motion is granted. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. at 250; *see also* Fed. R. Civ. P. 56(c).

A party opposing summary judgment cannot avoid prevail by relying solely on conclusory allegations that are unsupported by factual data. *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). "Once the moving party has carried its burden, the opponent must do more than simply show there is some metaphysical doubt as to the material facts. Rather, the opposing party must come forward with specific facts showing that there is a genuine issue for trial." *Travelers Cas. & Sur. Co. v. Washington Tr. Bank*, 86 F. Supp. 3d 1148, 1152 (E.D. Wash. 2015).

## IV. ARGUMENT

WPL is entitled to summary judgment as to its claims against Welch for breach of contract. The contract claims concern defense and indemnity (Count Two) as well as any judgment or obligation on WPL concerning the Parcel results from this case (Count One).[1]

The Agreement is governed by California law. Decl. of Paul Herskovitz at ¶ 5, and **Exhibit A** thereto at p. 5, Section 21; Statement of Undisputed Fact No. 42. Breach of contract under California law requires four elements: "(1) the existence of the contract, (2) plaintiff's performance or excuse for nonperformance, (3) defendant's breach, and (4) the resulting damages to the plaintiff." *Oasis West Realty, LLC v. Goldman*, 250 P.3d 1115, 1121 (Cal. 2011) (citation omitted).

### A. **<u>The Agreement Existed and Applies to Welch</u>.**

Welch admitted that she entered into the Installment Purchase Agreement. *Deposition of Tracy Welch*, at p. 38:6-9; Statement of Undisputed Fact No. 2. She further admitted that she agreed to be bound by the Agreement's express terms. *Deposition of Tracy Welch*, at p. 53:13-17; Statement of Undisputed Fact No. 17.

[1] WPL and Plaintiffs have executed a settlement agreement as to the claims by Plaintiffs against WPL in this case. A stipulation to dismiss those claims is forthcoming.

There is no factual dispute that the Agreement was valid and enforceable against Welch. The first element of WPL's contract claims (the existence of the contract) is satisfied.

**B. WPL Performed Under the Agreement.**

WPL performed its obligations to Welch under the Agreement, including the notice provisions regarding its defense demand. Welch has tendered no proof of non-performance. The second element of WPL's contract claims are satisfied.

**C. Welch's Refusal to Indemnify or Defend WPL Breached the Agreement.**

Section 22(C) of the Agreement establishes broad, unequivocal indemnity and defense obligations. It reaches any claims arising out of Welch's use and access of the Parcel.

Section 22(C) provides:

> Buyer hereby releases and forever indemnifies Seller and all other persons, employees, officers, managers, firms and corporations of Seller from all claims and demands, rights and causes of action of any kind which may hereafter arise as a result of, or on account of, to indemnify, defend and save harmless Seller and all other persons, employees, officers, managers, firms and corporations of Seller from and against all claims and demands whatsoever of or in any way growing out of, or as a result of Buyer's access or use of the Property. This Agreement expresses a full and complete RELEASE of liability regardless of the cause.

Decl. of Paul Herskovitz, ¶ 5, and **Exhibit A** thereto at p. 6; Statement of Undisputed Fact No. 11.

What's more, Welch admitted that Section 22(C)'s indemnity and defense provision extends to this litigation. *Dep. of Tracy Welch*, at p. ¶ 3; Statement of Undisputed Fact No. 15. Thus, there is no dispute that Welch was obligated to indemnify and defend WPL in connection with this case.

There is likewise no dispute that Welch has not indemnified or defended WPL. She admitted exactly that in her deposition *Dep. of Tracy Welch*, at p. 156:1-10;

Statement of Undisputed Fact No. 40. Even if Welch did not violate RCRA, she owed (and still owes) WPL a duty to defend and indemnify in this litigation.

Deposition testimony makes clear that Welch both (1) owed WPL a duty to defend and (2) refused to honor her duty. *Dep. of Tracy Welch*, at pp. 69:6-10, 69:14-18, 69:20-71:13, 156:1-10. She continues refusing her defense and indemnity obligations, Decl. of Paul Herskovitz, at ¶ 12; Statement of Undisputed Fact No. 41-42, meaning that her breach is ongoing.

"[W]here plaintiff's complaint alleges facts embraced by the indemnity agreement, the indemnitor has a duty to defend throughout the underlying tort action unless it can conclusively show by undisputed facts that plaintiff's action is not covered by the agreement." *Centex Homes v. R-Help Constr., Inc.*, 32 Cal. App. 5th 1230, 1237; 244 Cal. Rptr. 3d 574 (2019). *See also City of Bell v. Superior Court*, 220 Cal. App. 4th 236, 249; 163 Cal. Rptr. 3d 90 (2013) (citing Cal. Civ. Code § 2779, ¶4) and *Crawford v. Weather Shield Mfg., Inc.*, 187 P.3d 424, 432 (Cal. 2008). Importantly, a duty to defend does not require a finding of liability—it requires only initiation of a suit asserting claims within the scope of the defense obligation. *See id.* at 439.

There is no dispute of fact that Welch refused, and still refuses, to defend and indemnify. This satisfies the breach element of WPL's contractual claims.

**D. Welch's Breach Caused Damages to WPL, and More Could Follow.**

There is no dispute that WPL was forced to muster and fund its own defense in this litigation as result of Welch's breach. Decl. of Paul Herskovitz, at ¶ 13; Statement of Undisputed Fact No. 43. Judgment in the amount of WPL's defense costs should be entered against Welch. A fee declaration accompanies this motion. Fee Decl. of Brian W. Boyd.

"Where the indemnitor has breached [its defense] obligation, an indemnitee who was thereby forced, against its wishes, to defend itself is entitled to reimbursement of the costs of doing so." *Crawford*, 187 P.3d at 432.

/ / /

Further, to the extent any judgment or other obligation is imposed on WPL concerning the Parcel (including in this case), WPL would be exposed to additional costs or obligations. WPL is entitled to judgment against Welch for indemnification as to any future costs or obligations concerning the Parcel.

In all, there are no genuine issues of material fact as to any of the four elements of WPL's breach claims. The Agreement existed and applied to Welch. WPL complied with its obligations under the Agreement; Welch did not. Welch's breach has resulted in damages to WPL and could result in more damages moving forward.

WPL is entitled to judgment in its favor for all costs and attorney's fees wrongfully incurred by WPL Holdings in connection with its defense of this litigation and an award of all costs and attorney's fees which may further accrue as this litigation progresses. WPL is further entitled to judgment that Welch must indemnify it as to any costs or obligations concerning the Parcel arising out of this case.

## V. CONCLUSION

Because there is no triable issue of fact on Counts One and Two of WPL's complaint against Welch, summary judgment is appropriate. A proposed judgment is attached.

Dated: September 18, 2026

DINSMORE & SHOHL LLP

By: /s/ *Jeffrey R. Witham*
Jeffrey R. Witham
Attorneys Defendant WPL Holdings, LLC

## CERTIFICATE OF COMPLIANCE

The undersigned, counsel of record for WPL Holdings, LLC, certifies that this brief contains 3,256 words, which complies with the word limit of L.R. 11-6.1.

Dated: September 18, 2026

DINSMORE & SHOHL LLP

By: /s/ *Jeffrey R. Witham*
Jeffrey R. Witham
Attorneys Defendant WPL Holdings, LLC

**CERTIFICATE OF SERVICE**

I, the undersigned, do hereby certify that on September 18, 2026, a true copy of this document and its supporting documents filed concurrently herewith were served by electronic mail upon all registered CM/ECF users, and by United States Postal Service upon all non-registered CM/ECF users in this case as indicated below:

- **Michael A Akselrud**
  michael.akselrud@lanierlawfirm.com,maral.jamgochian@lanierlawfirm.com,belinda.lower@lanierlawfirm.com,courtney.walton@lanierlawfirm.com,audrey.moore@lanierlawfirm.com
- **Tyler McVeigh Alexander**
  talexander@bicklawllp.com
- **Brian W. Boyd**
  Brian.Boyd@Dinsmore.com
- **Peter R Duchesneau**
  pduchesneau@manatt.com,twhittington@manatt.com,mmelancon@manatt.com,mchung@manatt.com,ieblack@manatt.com
- **Mark Edson**
  medson@bsralaw.com,zcarter@bsralaw.com,tgelini@bsralaw.com,ksimpson@bsralaw.com,akwok@bsralaw.com
- **Quinn Patrick Gardner**
  Quinn.Gardner@dinsmore.com,jeffrey.witham@dinsmore.com,adelya.ashralieva@dinsmore.com
- **Peter Hsiao**
  phsiao@kslaw.com,ssarff@kslaw.com
- **Zachary A Kelsay**
  zach@nidellaw.com
- **Mohammad Nabeel Khan**
  mohammad@mnklawyers.com,jeff@mnklawyers.com
- **Heather Rose Kryczka**
  heather@commonwave.law
- **Nicholas David Lauber**
  nick@frostllp.com,krossfeld@frostllp.com,Matthew1@frostllp.com,jacqueline@frostllp.com
- **Barry W. Lee**
  bwlee@manatt.com,lwashington@manatt.com,mcooper@manatt.com
- **David T Moran**
  dmoran@manatt.com,enash@manatt.com
- **William P. Mullins**
  wmullins@skanemills.com,dmorales@clawcenter.com
- **Lauren K. Myers**
  lmyers@kslaw.com,alanderos@kslaw.com
- **Jonathan B. Nace**
  jon@nidellaw.com
- **Christopher T. Nidel**
  Chris@nidellaw.com,zach@nidellaw.com
- **Nishita Patel**
  nishita@mnklawyers.com
- **Caroline Louise Plant**
  cplant@bicklawllp.com,iandrade@bicklawllp.com,tgrant@bicklawllp.com

- **Abdul Wasay Shahid**
  abdulwasay.shahid@dinsmore.com,bonnie.connolly@dinsmore.com
- **Elizabeth A Skane**
  eskane@skanemills.com,eskane@skanewilcox.com
- **Douglas J Smith**
  DJASmith@manatt.com
- **Michael J Stiles**
  mstiles@stilespomeroy.com
- **Ruei-Chen Tung**
  kevin@mnklawyers.com
- **Christopher K. VanDeusen**
  christopher.vandeusen@dinsmore.com,lana.stawecki@dinsmore.com
- **Ashton Ryan Watkins**
  ashton@watkinslawgroup.com,ashtonwatkins@yahoo.com
- **Thomas Arthur Whittington**
  twhittington@manatt.com
- **Matthew Williamson**
  mwilliamson@manatt.com,lgarcete@manatt.com
- **Larken Johnson Yackulic**
  larken@commonwave.law

Dated: September 18, 2026

DINSMORE & SHOHL LLP

By: /s/ *Jeffrey R. Witham*
Jeffrey R. Witham
Attorneys Defendant WPL Holdings, LLC